JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

# B-01-129 1

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**United States District Court**
**Southern District of Texas**
**FILED**

## I (a) PLAINTIFFS

Fernando Del Castillo

## DEFENDANTS

Die Craftsmen International
Die Craftsmen, Inc. and
Stan Mance, Individually

**JUL 3 0 2001**

**Michael N. Milby**
**Clerk of Court**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Cameron__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Foreign__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE. IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME ADDRESS, AND TELEPHONE NUMBER)

Dennis Sanchez
**SANCHEZ, WHITTINGTON, JANIS & ZABARTE, LLP**
100 N. Expressway 83
Brownsville, TX 78521    (956)546-3731

ATTORNEYS (IF KNOWN)

Raymond A. Cowley
**RODRIGUEZ, COLVIN & CHANEY, LLP**
4900 N. 10th St., Bldg. A-2
McAllen, TX 78504  (956)686-1287

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

The Plaintiff has amended his pleadings to add a claim under
29 U.S.C. Sections 621, et seq., the Age Discrimination in Employment Act.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability |  | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other |  |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights |  |  |  |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE  July 30, 2001

SIGNATURE OF ATTORNEY OF RECORD  Raymond A Cowley  Attorney for Die Craftsman, Inc.

United States District Court
Southern District of Texas
FILED

JUL 3 0 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FERNANDO DEL CASTILLO,                     §
     Plaintiff                             §
                                           §
VS.                                        §    CIVIL ACTION NO.  B - 0 1 - 129
                                           §
DIE CRAFTSMEN INTERNATIONAL,               §
DIE CRAFTSMEN, INC., AND STAN              §
MANCE, INDIVIDUALLY,                       §
     Defendants                            §

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Die Craftsmen, Inc., Defendant, removes this action from

the 357th Judicial District Court of Cameron County, Texas to the United States District Court for

the Southern District of Texas, Brownsville Division. In support of this Removal, Defendant

represents the following:

1.    This is a civil action filed as Cause No. 2000-03-1284-E, <u>Fernando Del Castillo v.</u>

<u>Die Craftsmen International, Die Craftsmen, Inc. and Stan Mance, Individually</u>, and which is

pending in the 357th Judicial District Court for Cameron County, Texas, a court encompassed by

the Brownsville Division of the United State District Court, Southern District of Texas.

2.    In compliance with 28 U.S.C.§ 1446(a), copies of all process, pleadings and

orders served upon Defendant in the State court action are attached, together with an index of State

court Pleadings and a list of all counsel of record.

3.    The Notice of Removal is filed within thirty days of receipt by the Defendant of the

initial pleading from which it may first be ascertained that the case is one which is or has become

removable. Removal is therefore timely pursuant to 28 U.S.C.§1446(b).

4.    Defendant represents that it shall give written notice of the removal to Plaintiff, and

shall file notice of the Notice of Removal with the Clerk of the District Court for Cameron County,

Texas, consistent with the provisions of 28 U.S.C.§ 1446(d).

5.    The Original Petition, filed by the Plaintiff in State district court, did not allege

claims under federal law. The Plaintiff, however, on June 7, 2001, obtained citation of service,

CSIPDF - www.fasiss.com

for service on the Secretary of State, and served therewith a document referred to as Plaintiff's

Original Petition, and therein affirmatively pled for the first time a claim brought under the Age

Discrimination Employment Act, 29 U.S.C.§§ 621, et. seq. (ADEA), which is a federal statute.

Accordingly, this is a civil action brought in State court of which the district courts of the United

States have original jurisdiction, as the plaintiff is alleging claims arising under the Constitution,

laws, or treaties of the United States. Removal, therefore, is proper, pursuant to 28 U.S.C.

§§1331, 1441, and 1446.

WHEREFORE, Die Craftsman, Inc., Defendant, prays that this action be removed to this

Court and that this Court accept jurisdiction and henceforth place this motion on the Court's docket

for further proceedings.

Respectfully submitted,

Raymond A. Cowley
State Bar No.: 04932400  Fed. ID - #8642
4900 A-2 North Tenth Street
McAllen, Texas 78504
Telephone: (956) 686-1287
Facsimile: (956) 686-6197

ATTORNEY FOR DEFENDANT DIE
CRAFTSMEN, INC.

OF COUNSEL:

**RODRIGUEZ, COLVIN & CHANEY, LLP**

## CERTIFICATE OF SERVICE

I, Raymond A. Cowley, hereby certify that a true and correct copy of the foregoing

document has been forwarded to the following counsel of record, on the _27_ day of

_July_, 2001.

Mr. Dennis Sanchez
Sanchez, Whittington, Janis & Zabarte, LLP
100 N. Expressway 83
Brownsville, Texas 78521
**Certified Mail, Return Receipt Requested**


Raymond A. Cowley

Case 1:01-cv-00129   Document 1   Filed in TXSD on 07/30/2001   Page 5 of 47

United States District Court
Southern District of Texas
FILED

JUL 3 0 2001

Michael N. Milby
Clerk of Court

CAUSE NO. 200003 -1284-E

FERNANDO DEL CASTILLO          §     IN THE DISTRICT COURT
      Plaintiff                §
                               §
vs.                            §     OF CAMERON COUNTY, TEXAS
                               §
DIE CRAFTSMEN INTERNATIONAL,   §
DIE CRAFTSMEN INC., AND        §
STAN MANCE, INDIVIDUALLY       §     35 7th JUDICIAL DISTRICT

FILED ___351___ O'CLOCK ___P___ M
AURORA DE LA GARZA DIST. CLERK
MAR 2 4 2000
DISTRICT COURT OF CAMERON COUNTY, TEXAS
JANIE WOLFE ___ DEPUTY

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FERNANDO DEL CASTILLO, Plaintiff in the above styled lawsuit, and complains of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE, (herein "Defendants") and for cause of action shows:

### I.

### Discovery Plan

Pursuant to and as required by Rule 190.1 of the Texas Rules of Civil Procedure, discovery is intended to be conducted under Level 3 of Rule 190 (as discussed in Rule 190.2) of the Texas Rules of Civil Procedure.

### II.

### Parties

1. Plaintiff, FERNANDO DEL CASTILLO, is an individual residing at 858 Grey Fox Circle, Brownsville, Cameron County, Texas, 78520.

CIMPDF - www.fesla.com

2.  DIE CRAFTSMEN, INC. is a Texas Corporation maintaining a physical address at 4630 Mar Street, Brownsville, Cameron County, Texas 78521 and may be served by serving its registered agent Jane Akin Brasch, 806 Morgan Blvd. Suite 7, Harlingen, Cameron County, Texas 78550.

3.  Defendant STAN MANCE can be served by serving him at his business address at Kitchener Die Craftsmen, 227 Riverbend Drive, Kitchener, Ontario N2B 2E8.

4.  Defendant DIE CRAFTSMEN INTERNATIONAL can be served by serving the Court Administration, Ontario Court of Justice Courthouse, 393 Main St. P.O. Box 1208, Haileybury, Ontario POJ IKO, its home office.

### III.

### Jurisdiction

This court has jurisdiction over the Defendants and over the amount in controversy pursuant to TEX. GOV. CODE ANN. §§ 24.007, 25.0003 and TEX. CIV. PRAC. & REM CODE § 17.044.

### IV.

### Minimum Contacts

The Texas Secretary of State is the agent for service on the non-resident defendants because the non-resident defendants engaged in business in Texas, the non-resident defendants do not maintain a regular place of business in Texas, the non-resident defendants do not have a designated agent for service of process, and the lawsuit arises out of the non-resident's business in Texas.

### V.

### Venue

Venue is proper in Cameron County since all or a substantial part of the events or omissions giving rise to this claim occurred in Cameron County, Texas and Cameron County, Texas is the

principal place of business for DIE CRAFTSMEN INC., one of the named Defendants pursuant to TEX. CIV. PRAC & REM. CODE §§ 15.001, 15.002 and § 15.035(a).

## VI.

### Conditions Precedent

All conditions precedent to Plaintiff's right to recovery and to Defendants' liability have been performed or have occurred.

## VII.

### Operative Facts

1. Plaintiff, prior to entering into a contract with Defendants, was employed as a General Manufacturing Manager for Valley Rio Enterprises from approximately 1968 up and until October 15, 1998 and has extensive experience and contacts in the manufacturing industry.

2. On or about May 1995, Plaintiff was approached by Stan Mance of Die Craftsmen International with a job offer. Plaintiff continued to decline Defendant's repeated offers since the offers were essentially the same as he was currently earning with his current employer. In 1998 the Defendants offered and enticed Plaintiff with, inter alia, an offer to receive 10% of the issued and outstanding stock of Die Craftsmen International. Plaintiff therefore decided to leave his company of 30 years and to accept the offer of employment and the incentive bonus offered by Defendants.

3. On or about September 21, 1998, Plaintiff and Defendants agreed and contracted that Plaintiff would become employed to work for Defendants' business known as Die Craftsmen International. Plaintiff agreed to serve as the company's Vice President of Manufacturing of its Brownsville facility for an indefinite period of time. Plaintiff was given an annual salary of $70,000.00 United States Dollars, an extensive benefit package, six (6) weeks of annual paid vacation, personal

use of a company car, and 10% of the company's stock with promises of future raises and benefits. Time was of the essence in this contract. Plaintiff accepted Defendants' offer verbally and by beginning employment with the company at its Brownsville facility.

4. Prior to his employment with the company, Plaintiff was advised by Defendant Stan Mance that "as long as the Brownsville Plant broke even the first year and a half, that is all that would be required."

5. Plaintiff was promised, and was supplied, two staff personnel from the Canadian facility for the Brownsville operation. In addition a salesmen was to be supplied to the Brownsville facility to secure production contracts. However, as time progressed, Plaintiff was informed by the company that the company could not afford the cost of a full time salesman. Plaintiff then took it upon himself to travel and seek out and, in fact, did seek and obtain clients for the Brownsville Manufacturing facility.

6. On or about October 26, 1998 a "Corporate Announcement" was distributed in the form of a written memo announcing Plaintiff's appointment within the company. Plaintiff began the duties of employment and duly performed all of the conditions of the agreement; production was on a steady incline with growing profits and no losses up and until May, 1999 when Plaintiff, without warning, was given a letter from the company informing him of his termination. Plaintiff subsequently learned that Defendant's brother in law, who is much younger than Plaintiff, has essentially taken over Plaintiff's position in the company. At all relevant times, Plaintiff has been willing and able to perform the terms of the contract but has been prevented from doing so by defendant's repudiation or breach of the contract. Since the date of Plaintiff's discharge, Defendant has failed and refused,

and continues to fail and refuse, to permit Plaintiff to continue to perform Plaintiff's duties under the agreement.

## VIII.

### First Cause Of Action
### Breach of Contract

1.  The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through VII, inclusive, as though fully set forth at length and made a part hereof.

2.  As herein alleged, Plaintiff had entered into written and oral agreements with Defendants. The Defendants had knowledge that the Plaintiff desired to have success in the operation of the business, and that such success would be evidenced by Plaintiff's continuation of the operation of the business and the generation of profits.

3.  The Defendants, in seeking to perpetuate their own self-interests, disrupted the relationship, terminated Plaintiff under false pretenses and prevented the expectancy which the Plaintiff had of operating a viable manufacturing facility. In addition when Defendants failed to provide adequate sales staff, failed to pay Plaintiff pursuant to the agreement, failed to compensate Plaintiff with a 10% interest in company stock, and failed to fully fund the Brownsville facility they breached their written and oral agreements, the express and implied warranties arising therefrom, their obligation of good faith and fair dealing, and failed to fulfill their duties they had with Plaintiff.

4.  As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

5.   The Defendants breached their covenants of good faith and fair dealing owed to the Plaintiff but their acts.  As a proximate result of the Defendants' breach of their covenant of good faith and fair dealing, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

6.   As a further proximate result of the aforementioned acts, Plaintiff has suffered panic, humiliation, worry, anxiety, mental anguish, and physical and emotional distress, all to his damage in the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

## IX

### Second Cause of Action
### Intentional Interference with Prospective Economic Viability

1.   The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through VIII, inclusive, as though fully set forth at length and made a part hereof.

2.   An economic relationship existed between Plaintiff and the Defendants which contained the probability and the expectancy of future economic viability of Plaintiff's ownership and operation of the Brownsville facility.  The Defendants had knowledge that the Plaintiff desired to have success in the operation of the business, and that such success would be evidenced by Plaintiff's continuation of the operation of the business and the generation of profits.

3.   The Defendants, in seeking to perpetuate their own self-interests, disrupted the relationship, terminated Plaintiff under false pretenses and prevented the expectancy which the Plaintiff had of operating a viable manufacturing facility.

4. As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

5. As a further proximate result of the aforementioned acts, Plaintiff has suffered panic, humiliation, worry, anxiety, mental anguish, and physical and emotional distress, all to his damage in the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

6. In doing the acts herein alleged, the Defendants acted with oppression, fraud, and wrongful intent, and the Plaintiff is therefore entitled to punitive damages in a sum in excess of the minimal jurisdictional limits of this Court.

## X.

### Third Cause Of Action
### Conspiracy to Commit Tortious Interference and Civil Conspiracy

1. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through IX, inclusive, as though fully set forth at length and made a part hereof.

2. Plaintiff will show that the Defendants engaged in a series of acts in conspiracy with each other to thwart Plaintiff's efforts to manage and operate the Brownsville facility. Such acts include conspiring with the assistant plant manager to take over the Brownsville facility in a premeditated manner.

3. As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00). Pursuant

to Section 15.21, V.A.T.S., Plaintiff is entitled to recover threefold damages sustained, costs of suit, and reasonable attorneys' fees.

4. In doing the acts herein alleged, the Defendants acted with oppression, fraud, and wrongful intent, and the Plaintiff is therefore entitled to punitive damages in a sum in excess of the minimal jurisdictional limits of this Court.

## XI.

### Fourth Cause of Action
### <u>Fraud</u>

1. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through XIII, inclusive, as though fully set forth at length and made a part hereof.

2. Defendants are jointly and severally liable for the common law tort of Fraud. Defendants made material misrepresentations about the company, how and what was expected of Plaintiff and production, and the reasons why Plaintiff was terminated; the representations were false; when Defendants made those representations Defendants knew they were false or Defendants made the representations recklessly without any knowledge of the truth of their assertion; Defendants made those representations with the intent that they would be acted upon by Plaintiff; Plaintiff relied and acted upon Defendants' statements and representations; and Plaintiff has suffered extensive damages as a result of Defendants' fraudulent statements and representations.

3. As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

4.   As a further proximate result of the aforementioned acts, Plaintiff has suffered panic, humiliation, worry, anxiety, mental anguish, and physical and emotional distress, all to his damage in the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

5.   Defendants' actions in discharging Plaintiff were harsh, oppressive, discriminatory, and malicious in that Defendants knowingly lied about Plaintiff's job performance, company losses, Plaintiff's future with the company and much more.  The conduct was intentional, with conscious indifference to the rights of Plaintiff, and without justification or excuse. Defendants acted with an evil intent to harm Plaintiff.  The wrong done by defendant was aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff is therefore entitled to punitive damages in a sum in excess of the minimal jurisdictional limits of this Court.

## XII

### Fifth Cause of Action
### Intentional Misrepresentation

1. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through XIV, inclusive, as though fully set forth at length and made a part hereof.

2.   The Defendants made material misrepresentations about the company, how and what was expected of Plaintiff and production, and the reasons why Plaintiff was terminated; the representations were false; when Defendants made those representations Defendants knew they were false or Defendants made the representations recklessly without any knowledge of the truth of their assertion; Defendants made those representations with the intent that they would be acted upon by Plaintiff; Plaintiff relied and acted upon Defendants' statements and representations; and  Plaintiff has suffered

extensive damages as a result of Defendants' fraudulent statements and representations. The Plaintiff's reliance upon these representations were justified because of the relationship which he held with the Defendants.

3. As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

4. As a further proximate result of the aforementioned acts, Plaintiff has suffered panic, humiliation, worry, anxiety, mental anguish, and physical and emotional distress, all to his damage in the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

5. Defendants' actions in discharging Plaintiff were harsh, oppressive, discriminatory, and malicious in that Defendants knowingly lied about Plaintiff's job performance, company losses, Plaintiff's future with the company and much more. The conduct was intentional, with conscious indifference to the rights of Plaintiff, and without justification or excuse. Defendants acted with an evil intent to harm Plaintiff. The wrong done by defendant was aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff is therefore entitled to punitive damages in a sum in excess of the minimal jurisdictional limits of this Court.

## XIII.

Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the attorney's whose names are subscribed to this petition. Plaintiff, is, therefore, entitled to recover from Defendants an additional sum to compensate

Plaintiff for a reasonable fee for such attorneys' services in the preparation and prosecution of this action as well as a reasonable fee for any and all appeals to other courts.

### XIV.

### Demand For Jury Trial

Plaintiff demands a trial by jury on all issues herein.

### XV.

### Prayer

WHEREFORE, Plaintiff requests that the Defendants be cited to appear and answer, and that on final trial, Plaintiff be granted judgment as follows:

1. For compensatory damages against DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN, INC., AND STAN MANCE, jointly and severally for damages representing wage payments, vacation pay, bonuses, pension rights, stock in the company and all other compensation due to Plaintiff that accrued at the time of the filing of this petition, plus interest at the legal rate from the date each payment became due until the date of judgement in the amount of ONE MILLION FIVE HUNDRED DOLLARS ($1,500,000.00).

2. For damages suffered for the panic, worry, anxiety, mental anguish and physical and emotional distress in the sum of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

3. For punitive damages in the sum in excess of the minimal jurisdictional limits of this Court.

4. For all prejudgement interest.

5. For all post judgment interest.

6. For reasonable attorneys' fees and court costs.

7. For costs of court.

8. For such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted

By: _____

Dennis Sanchez
SBN 17569600

SANCHEZ, WHITTINGTON,
JANIS & ZABARTE L.L.P.
100 N. Expressway 83
Brownsville, Texas 78521
(956) 546-3731 - Telephone
(956) 546-3765/66 - Telecopier
Attorneys for Plaintiff

Citation for Personal Service  - GENERAL          Lit. Seq. # 5.003.01

No. 2000-03-001284-E

T H E   S T A T E   O F   T E X A S    **COPY**

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: DIE CRAFTSMEN, INC
    BY AND THROUGH ITS REGISTERED
    AGENT: JANE AKIN BRASCH
    806 MORGAN BLVD., SUITE 7
    HARLINGEN, TEXAS 78550

the       DEFENDANT      , GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said        PETITION        was filed on MARCH 24, 2000  .  A copy of same accompanies this citation.

The file number of said suit being No. 2000-03-001284-E.

The style of the case is:

                    FERNANDO DEL CASTILLO
                            VS.
              DIE CRAFTSMEN INTERNATIONAL., ET AL.

Said petition was filed in said court by        HON. DENNIS SANCHEZ
(Attorney for          PLAINTIFF         ), whose address is
100 NORTH EXPRESSWAY 83 BROWNSVILLE, TX  78521-2284            .

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 28th day of   MARCH  , A.D. 2000.

               AURORA DE LA GARZA     , DISTRICT CLERK
              Cameron County, Texas
              974 E. Harrison St.
              Brownsville, Texas 78521

              By:                      , Deputy

R E T U R N   O F   O F F I C E R

Came to hand the _13th_ day of _April_, _2000_ at _345_ o'clock _P_.M., and

executed (not executed) on the _13th_ day of _April_, _2000_ by delivering to

_JANE AKIN BRASCH_ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _PLAINTIFF'S ORIGINAL PETITION_ .

Cause of failure to execute this citation is: _____

_____

FEES serving 1 copy                 _ED GERUSA INVESTIGATIONS_

Total ....... $ _55 00_            Sheriff/constable _CAMERON_ County, TEXAS

Fees paid by: _____          By _Edward Gerusa_    ~~Deputy~~

                                    _Private Investigator_

07-1?-01 01:57PM  FROM DIE CR  SMEN       TO 19566866197       P004/011

# COPY

Citation for Personal Service _____  Lit. Seq. # <u>5.004.01</u>

### No. <u>2000-03-001284-G</u>

## T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: S<u>TAN MANCE</u>
<u>K</u><u>ITCHENER DIE CRAFTSMAN</u>
<u>227 RIVERBEND DR. KITCHENER</u>
<u>ONTARIO, CANADA N2B 2E8</u>
the _____ DEFENDANT _____ , BY SERVING IN <u>DUPLICATE</u>  COPIES TO THE
S<u>ECRETARY OF STATE (STATUTORY DOCUMENTS)</u>
<u>P. O. BOX 12079 AUSTIN, TX  78711-2079</u> _____ , GREETING:

You are commanded to appear by filing a written answer to the

<u>PLAINTIFF'S ORIGINAL PETITION</u>

_____

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20

days after the date of service of this citation before the Honorable District

Court <u>404th</u> Judicial District of Cameron County, Texas at the Courthouse of said

county in Brownsville, Texas.  Said _____ PETITION _____ was filed on

<u>MARCH 24, 2001</u> .  A copy of same accompanies this citation.

The file number of said suit being No. <u>2000-03-001284-G</u>.

The style of the case is:

<u>FERNANDO DEL CASTILLO</u>
<u>VS.</u>
<u>DIE CRAFTSMEN INTERNATIONAL., ET AL.</u>

Said petition was filed in said court by _____ <u>HON. DENNIS SANCHEZ</u>

(Attorney for _____ <u>PLAINTIFF</u> _____ ), whose address is

<u>100 NORTH EXPRESSWAY 83 BROWNSVILLE, TX  78521-2284</u> .

The nature of the demand is fully shown by a true and correct copy of the

Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to

The officer executi͠  this writ shall promptly ͠il the same according to requirements of law, and the mandates thereof, and make due return as the law [2] directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the <u>7th</u> day of <u>  JUNE  </u>, A.D. <u>2001</u>.

RECEIVED
SECRETARY OF STATE
2:30PM
**JUN 2 5 2001**
CITATIONS UNIT
AUSTIN, TEXAS

<u>  AURORA DE LA GARZA  </u>, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _____ Deputy

**050436**

Case 1:01-cv-00129   Document 1   Filed in TXSD on 07/30/2001   Page 21 of 47

## R E T U R N   O F   O F F I C E R

Came to hand the _____ day of _____, _____, at _____ o'clock ___.M., and executed (not executed) on the _____ day of _____, _____, by delivering to _____ in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the _____.

Cause of failure to execute this citation is: _____
_____.


FEES serving 1 copy              _____

Total....... $_____        Sheriff/constable _____ County, TEXAS

                                 By _____ Deputy
Fees paid by:_____

Case 1:01-cv-00129   Document 1   Filed in TXSD on 07/30/2001   Page 22 of 47

# The State of Texas



Citations Unit
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-6616
TTY (800) 735-2989
www.sos.state.tx.us

Henry Cuellar, Ph.D.
Secretary of State

July 2, 2001

STAN MANCE
Kitchener Die Craftsman
227 Riverbend Dr., Kitchener
Ontario N2B 2E8
Canada

> 2001-050436-1
> Include reference number in
> all correspondence

RE:  Fernando Del Castillo vs. Die Craftsmen International, et al
     404th Judicial District Court of Cameron County, Texas
     Cause No: 200003001284G

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by REGISTERED MAIL, return receipt requested, a copy of process received by the Secretary of State of the State of Texas on June 25, 2001.

REGISTERED MAIL #817904554

Refer correspondence to:

Dennis Sanchez
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 North Expressway 83
Brownsville, TX 78521-2284

Sincerely,

Helen Lupercio
Helen Lupercio
Supervisor, Citations Unit
Statutory Documents Section

hl/lsv
Enclosure

Case 1:01-cv-00129   Document 1   Filed in TXSD on 07/30/2001   Page 23 of 47

CAUSE NO. *2000-03-1284-E*

| | | |
|---|---|---|
| FERNANDO DEL CASTILLO | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| vs. | § | OF CAMERON COUNTY, TEXAS |
| | § | |
| DIE CRAFTSMEN INTERNATIONAL, | § | |
| DIE CRAFTSMEN INC., AND | §. | |
| STAN MANCE, INDIVIDUALLY | § | *357th* JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FERNANDO DEL CASTILLO, Plaintiff in the above styled lawsuit, and complains of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE, (herein "Defendants") and for cause of action shows:

### I.

### Discovery Plan

Pursuant to and as required by Rule 190.1 of the Texas Rules of Civil Procedure, discovery is intended to be conducted under Level 3 of Rule 190 (as discussed in Rule 190.2) of the Texas Rules of Civil Procedure.

### II.

### Parties

1. Plaintiff, FERNANDO DEL CASTILLO, is an individual residing at 858 Grey Fox Circle, Brownsville, Cameron County, Texas, 78520.

---

CutePDF - www.cutepdf.com

2.  DIE CRAFTSMEN, INC. is a Texas Corporation maintaining a physical address at 4630

Mar Street, Brownsville, Cameron County, Texas 78521 and may be served by serving its registered

agent Jane Akin Brasch, 806 Morgan Blvd. Suite 7, Harlingen, Cameron County, Texas 78550.

3.  Defendant STAN MANCE can be served by serving him at his business address at

Kitchener Die Craftsmen, 227 Riverbend Drive, Kitchener, Ontario N2B 2E8.

4.  Defendant DIE CRAFTSMEN INTERNATIONAL can be served by serving the Court

Administration, Ontario Court of Justice Courthouse, 393 Main St. P.O. Box 1208, Haileybury,

Ontario POJ IKO, its home office.

## III.

### Jurisdiction

This court has jurisdiction over the Defendants and over the amount in controversy pursuant

to TEX. GOV. CODE ANN. §§ 24.007, 25.0003 and TEX. CIV. PRAC. & REM CODE § 17.044.

## IV.

### Minimum Contacts

The Texas Secretary of State is the agent for service on the non-resident defendants because

the non-resident defendants engaged in business in Texas, the non-resident defendants do not

maintain a regular place of business in Texas, the non-resident defendants do not have a designated

agent for service of process, and the lawsuit arises out of the non-resident's business in Texas.

## V.

### Venue

Venue is proper in Cameron County since all or a substantial part of the events or omissions

giving rise to this claim occurred in Cameron County, Texas and Cameron County, Texas is the

principal place of business for DIE CRAFTSMEN INC., one of the named Defendants pursuant to

TEX. CIV. PRAC & REM. CODE §§ 15.001, 15.002 and § 15.035(a).

## VI.

### Conditions Precedent

All conditions precedent to Plaintiff's right to recovery and to Defendants' liability have been

performed or have occurred.

## VII.

### Operative Facts

1. Plaintiff, prior to entering into a contract with Defendants, was employed as a General

Manufacturing Manager for Valley Rio Enterprises from approximately 1968 up and until October

15, 1998 and has extensive experience and contacts in the manufacturing industry.

2. On or about May 1995, Plaintiff was approached by Stan Mance of Die Craftsmen

International with a job offer. Plaintiff continued to decline Defendant's repeated offers since the

offers were essentially the same as he was currently earning with his current employer. In 1998 the

Defendants offered and enticed Plaintiff with, inter alia, an offer to receive 10% of the issued and

outstanding stock of Die Craftsmen International. Plaintiff therefore decided to leave his company

of 30 years and to accept the offer of employment and the incentive bonus offered by Defendants.

3. On or about September 21, 1998, Plaintiff and Defendants agreed and contracted that

Plaintiff would become employed to work for Defendants' business known as Die Craftsmen

International. Plaintiff agreed to serve as the company's Vice President of Manufacturing of its

Brownsville facility for an indefinite period of time. Plaintiff was given an annual salary of $70,000.00

United States Dollars, an extensive benefit package, six (6) weeks of annual paid vacation, personal

use of a company car, and 10% of the company's stock with promises of future raises and benefits. Time was of the essence in this contract. Plaintiff accepted Defendants' offer verbally and by beginning employment with the company at its Brownsville facility.

4. Prior to his employment with the company, Plaintiff was advised by Defendant Stan Mance that "as long as the Brownsville Plant broke even the first year and a half, that is all that would be required."

5. Plaintiff was promised, and was supplied, two staff personnel from the Canadian facility for the Brownsville operation. In addition a salesmen was to be supplied to the Brownsville facility to secure production contracts. However, as time progressed, Plaintiff was informed by the company that the company could not afford the cost of a full time salesman. Plaintiff then took it upon himself to travel and seek out and, in fact, did seek and obtain clients for the Brownsville Manufacturing facility.

6. On or about October 26, 1998 a "Corporate Announcement" was distributed in the form of a written memo announcing Plaintiff's appointment within the company. Plaintiff began the duties of employment and duly performed all of the conditions of the agreement; production was on a steady incline with growing profits and no losses up and until May, 1999 when Plaintiff, without warning, was given a letter from the company informing him of his termination. Plaintiff subsequently learned that Defendant's brother in law, who is much younger than Plaintiff, has essentially taken over Plaintiff's position in the company. At all relevant times, Plaintiff has been willing and able to perform the terms of the contract but has been prevented from doing so by defendant's repudiation or breach of the contract. Since the date of Plaintiff's discharge, Defendant has failed and refused,

and continues to fail and refuse, to permit Plaintiff to continue to perform Plaintiff's duties under the agreement.

## VIII.

### First Cause Of Action
### Breach of Contract

1.  The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through VII, inclusive, as though fully set forth at length and made a part hereof.

2.  As herein alleged, Plaintiff had entered into written and oral agreements with Defendants. The Defendants had knowledge that the Plaintiff desired to have success in the operation of the business, and that such success would be evidenced by Plaintiff's continuation of the operation of the business and the generation of profits.

3.  The Defendants, in seeking to perpetuate their own self-interests, disrupted the relationship, terminated Plaintiff under false pretenses and prevented the expectancy which the Plaintiff had of operating a viable manufacturing facility. In addition when Defendants failed to provide adequate sales staff, failed to pay Plaintiff pursuant to the agreement, failed to compensate Plaintiff with a 10% interest in company stock, and failed to fully fund the Brownsville facility they breached their written and oral agreements, the express and implied warranties arising therefrom, their obligation of good faith and fair dealing, and failed to fulfill their duties they had with Plaintiff.

4.  As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

Case 1:01-cv-00129   Document 1   Filed in TXSD on 07/30/2001   Page 28 of 47

5.  The Defendants breached their covenants of good faith and fair dealing owed to the Plaintiff but their acts. As a proximate result of the Defendants' breach of their covenant of good faith and fair dealing, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

6.  As a further proximate result of the aforementioned acts, Plaintiff has suffered panic, humiliation, worry, anxiety, mental anguish, and physical and emotional distress, all to his damage in the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

## IX

### Second Cause of Action
### Intentional Interference with Prospective Economic Viability

1.  The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through VIII, inclusive, as though fully set forth at length and made a part hereof.

2.  An economic relationship existed between Plaintiff and the Defendants which contained the probability and the expectancy of future economic viability of Plaintiff's ownership and operation of the Brownsville facility. The Defendants had knowledge that the Plaintiff desired to have success in the operation of the business, and that such success would be evidenced by Plaintiff's continuation of the operation of the business and the generation of profits.

3.  The Defendants, in seeking to perpetuate their own self-interests, disrupted the relationship, terminated Plaintiff under false pretenses and prevented the expectancy which the Plaintiff had of operating a viable manufacturing facility.

4. As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

5. As a further proximate result of the aforementioned acts, Plaintiff has suffered panic, humiliation, worry, anxiety, mental anguish, and physical and emotional distress, all to his damage in the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

6. In doing the acts herein alleged, the Defendants acted with oppression, fraud, and wrongful intent, and the Plaintiff is therefore entitled to punitive damages in a sum in excess of the minimal jurisdictional limits of this Court.

## X.

### Third Cause Of Action
### Conspiracy to Commit Tortious Interference and Civil Conspiracy

1. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through IX, inclusive, as though fully set forth at length and made a part hereof.

2. Plaintiff will show that the Defendants engaged in a series of acts in conspiracy with each other to thwart Plaintiff's efforts to manage and operate the Brownsville facility. Such acts include conspiring with the assistant plant manager to take over the Brownsville facility in a premeditated manner.

3. As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00). Pursuant

CutePDF - www.fasiso.com

to Section 15.21, V.A.T.S., Plaintiff is entitled to recover threefold damages sustained, costs of suit, and reasonable attorneys' fees.

4. In doing the acts herein alleged, the Defendants acted with oppression, fraud, and wrongful intent, and the Plaintiff is therefore entitled to punitive damages in a sum in excess of the minimal jurisdictional limits of this Court.

## XI.

### Fourth Cause of Action
### Tortious Breach of the Covenant of Good Faith and Fair Dealing

1. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through X, inclusive, as though fully set forth at length and made a part hereof.

2. There was implied in all of the written and oral agreements, a covenant of good faith ad fair dealing wherein the Defendants impliedly covenanted that they would, in good faith and in the exercise of fair dealing, deal with the Plaintiff fairly and honestly, and do nothing to impair, interfere with, hinder, or potentially injure Plaintiff's rights.

3. The Defendants breached their covenant of good faith and fair dealing owed to Plaintiff by their acts. As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

4. As a further proximate result of the aforementioned acts, Plaintiff has suffered panic, humiliation, worry, anxiety, mental anguish, and physical and emotional distress, all to his damage in the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

5. In doing the acts herein alleged, the Defendants acted with oppression, fraud, and wrongful intent, and the Plaintiff is therefore entitled to punitive damages in a sum in excess of the minimal jurisdictional limits of this Court.

## XII.

### Fifth Cause of Action
### Negligence

1. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through XI, inclusive, as though fully set forth at length and made a part hereof.

2. By virtue of the facts alleged herein, the Defendants were vested with certain duties pertaining to their relationship with the Plaintiff, which duties the Defendants negligently, carelessly, and recklessly performed so as to proximately cause damages to the Plaintiff.

4. As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

5. As a further proximate result of the aforementioned acts, Plaintiff has suffered panic, humiliation, worry, anxiety, mental anguish, and physical and emotional distress, all to his damage in the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

6. Defendants' actions Plaintiff were harsh, oppressive, discriminatory, and malicious in that Defendants knowingly lied about Plaintiff's job performance, company losses, Plaintiff's future with the company and much more. Defendants conduct was intentional, with conscious indifference to the rights of Plaintiff, and without justification or excuse. Defendants acted with an evil intent to harm

Case 1:01-cv-00129   Document 1   Filed in TXSD on 07/30/2001   Page 32 of 47

Plaintiff. The wrong done by defendant was aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff is therefore entitled to punitive damages in a sum in excess of the minimal jurisdictional limits of this Court.

## XIII.

### Sixth Cause of Action
### Age Discrimination

1. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through XII, inclusive, as though fully set forth at length and made a part hereof.

2. An employer is prohibited by the Age Discrimination in Employment Act from discriminating in hiring, firing, compensating, setting working conditions, or otherwise adversely affecting a person's status because of the person's age pursuant to 29 U.S.C. § 621 et seq. Defendants violated the AEDA when they wrongfully terminated Plaintiff and replaced him with a much younger and inexperienced man.

3. As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

4. As a further proximate result of the aforementioned acts, Plaintiff has suffered panic, humiliation, worry, anxiety, mental anguish, and physical and emotional distress, all to his damage in the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

5. Defendants' actions in discharging Plaintiff were harsh, oppressive, discriminatory, and malicious in that Defendants knowingly lied about Plaintiff's job performance, company losses,

Case 1:01-cv-00129    Document 1    Filed in TXSD on 07/30/2001    Page 33 of 47

Plaintiff's future with the company and much more. The conduct was intentional, with conscious indifference to the rights of Plaintiff, and without justification or excuse. Defendants acted with an evil intent to harm Plaintiff. The wrong done by defendant was aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff is therefore entitled to punitive damages in a sum in excess of the minimal jurisdictional limits of this Court.

## XIV

### Seventh Cause of Action
### Fraud

1. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through XIII, inclusive, as though fully set forth at length and made a part hereof.

2. Defendants are jointly and severally liable for the common law tort of Fraud. Defendants made material misrepresentations about the company, how and what was expected of Plaintiff and production, and the reasons why Plaintiff was terminated, the representations were false; when Defendants made those representations Defendants knew they were false or Defendants made the representations recklessly without any knowledge of the truth of their assertion; Defendants made those representations with the intent that they would be acted upon by Plaintiff; Plaintiff relied and acted upon Defendants' statements and representations; and Plaintiff has suffered extensive damages as a result of Defendants' fraudulent statements and representations.

Case 1:01-cv-00129 Document 1 Filed in TXSD on 07/30/2001 Page 34 of 47

3. As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

4. As a further proximate result of the aforementioned acts, Plaintiff has suffered panic, humiliation, worry, anxiety, mental anguish, and physical and emotional distress, all to his damage in the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

5. Defendants' actions in discharging Plaintiff were harsh, oppressive, discriminatory, and malicious in that Defendants knowingly lied about Plaintiff's job performance, company losses, Plaintiff's future with the company and much more. The conduct was intentional, with conscious indifference to the rights of Plaintiff, and without justification or excuse. Defendants acted with an evil intent to harm Plaintiff. The wrong done by defendant was aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff is therefore entitled to punitive damages in a sum in excess of the minimal jurisdictional limits of this Court.

## XV

### Eighth Cause of Action
### Intentional Misrepresentation

1. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through XIV, inclusive, as though fully set forth at length and made a part hereof.

2. The Defendants made material misrepresentations about the company, how and what was expected of Plaintiff and production, and the reasons why Plaintiff was terminated; the representations

---

were false; when Defendants made those representations Defendants knew they were false or Defendants made the representations recklessly without any knowledge of the truth of their assertion; Defendants made those representations with the intent that they would be acted upon by Plaintiff; Plaintiff relied and acted upon Defendants' statements and representations; and Plaintiff has suffered extensive damages as a result of Defendants' fraudulent statements and representations. The Plaintiff's reliance upon these representations were justified because of the relationship which he held with the Defendants.

3. As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

4. As a further proximate result of the aforementioned acts, Plaintiff has suffered panic, humiliation, worry, anxiety, mental anguish, and physical and emotional distress, all to his damage in the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

5. Defendants' actions in discharging Plaintiff were harsh, oppressive, discriminatory, and malicious in that Defendants knowingly lied about Plaintiff's job performance, company losses, Plaintiff's future with the company and much more. The conduct was intentional, with conscious indifference to the rights of Plaintiff, and without justification or excuse. Defendants acted with an evil intent to harm Plaintiff. The wrong done by defendant was aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff is therefore entitled to punitive damages in a sum in excess of the minimal jurisdictional limits of this Court.

Case 1:01-cv-00129   Document 1   Filed in TXSD on 07/30/2001   Page 36 of 47

## XVI.

Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the attorney's whose names are subscribed to this petition. Plaintiff, is, therefore, entitled to recover from Defendants an additional sum to compensate Plaintiff for a reasonable fee for such attorneys' services in the preparation and prosecution of this action as well as a reasonable fee for any and all appeals to other courts.

## XVII.

### Demand For Jury Trial

Plaintiff demands a trial by jury on all issues herein.

## XIII.

### Prayer

WHEREFORE, Plaintiff requests that the Defendants be cited to appear and answer, and that on final trial, Plaintiff be granted judgment as follows:

1. For compensatory damages against DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN, INC., AND STAN MANCE, jointly and severally for damages representing wage payments, vacation pay, bonuses, pension rights, stock in the company and all other compensation due to Plaintiff that accrued at the time of the filing of this petition, plus interest at the legal rate from the date each payment became due until the date of judgement in the amount of ONE MILLION FIVE HUNDRED DOLLARS ($1,500,000.00).

2. For damages suffered for the panic, worry, anxiety, mental anguish and physical and emotional distress in the sum of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

3. For punitive damages in the sum in excess of the minimal jurisdictional limits of this Court.

4. For all prejudgement interest.

5. For all post judgment interest

6. For reasonable attorneys' fees and court costs.

7. For costs of court.

8. For such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted

SANCHEZ, WHITTINGTON,
JANIS & ZABARTE L.L.P.

BY: _____
Dennis Sanchez
SBN 17569600
100 N. Expressway 83
Brownsville, Texas 78521
(956) 546-3731 - Telephone
(956) 546-3766 - Telecopier
Attorneys for Plaintiff

CAUSE NO. C-2000-03-1284-E

FILED _____ 4̸θ̸_____ O'CLOCK _____A_____ M
AURORA DE LA GARZA DIST. CLERK

APR 2 7 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
                                                    DEPUTY
RICK M. CORNEJO

| | | |
|---|---|---|
| FERNANDO DEL CASTILLO, | § | IN THE 357TH JUDICIAL |
|    Plaintiff | § | |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| DIE CRAFTSMEN INTERNATIONAL, | § | |
| DIE CRAFTSMEN, INC., AND STAN | § | |
| MANCE, INDIVIDUALLY, | § | |
|    Defendants | § | CAMERON COUNTY, TEXAS |

## ORIGINAL ANSWER OF DEFENDANT DIE CRAFTSMEN, INC.

TO THE HONORABLE JUDGE OF SAID COURT:

DIE CRAFTSMEN, INC., a Defendant in the above cause, answers the Original Petition

filed in this cause by Fernando Del Castillo, the Plaintiff, as follows:

1.    The Defendant denies each and every, all and singular, the allegations set forth in

Plaintiff's Original Petition, and in any subsequent pleading, and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendant Die Craftsmen, Inc., having

answered, prays that Plaintiff take nothing on his claims and that the this Defendant be allowed to

go hence with its costs, and further be granted general relief.

Respectfully submitted,

**RODRIGUEZ, COLVIN & CHANEY LLP**
4900 North Tenth Street, Bldg. A-2
McAllen, Texas 78504
Telephone: (956) 686-1287
Telefax #: (956) 686-6197

Raymond A. Cowley
State Bar No.: 04932400

ATTORNEYS FOR DEFENDANT DIE
CRAFTSMEN, INC.

## CERTIFICATE OF SERVICE

I, Raymond A. Cowley, hereby certify that a true and correct copy of the foregoing document has been forwarded by certified mail, return receipt requested, to the following counsel of record, on the ___26___ day of ___April___, 2000.

Mr. Dennis Sanchez
Sanchez, Whittington, Janis & Zabarte, LLP
100 N. Expressway 83
Brownsville, Texas 78521

Raymond A. Cowley

RUN DATE 07/18/01
RUN TIME  9:08 AM

PAGE: 01

2000-03-001284-E

FERNANDO DEL CASTILLO

vs

DIE CRAFTSMEN INTERNATIONAL., ET AL.

* * * * C L E R K ' S   E N T R I E S * * * *

00002204
HON. DENNIS SANCHEZ
100 NORTH EXPRESSWAY 83
BROWNSVILLE, TX        78521 2284

(06)                                        03    24    00

00468601
RAYMOND A. COWLEY
4900 NORTH 10TH BLDG     A-2
MCALLEN TEXAS            78504 0000

BREACH OF CONTRACT

03/24/00  ORIGINAL PETITION FILED
03/28/00  CITATION SEC. OF STATE: DIE CRAFTSMEN
          INTERNATIONAL
03/28/00  SERVED:
03/28/00  CITATION SEC. OF STATE: STAN MANCE
03/28/00  SERVED:
03/28/00  CITATION: DIE CRAFTSMEN, INC
          SERVED: 04/13/00     FILED: 04/14/00
04/27/00  ORIGINAL ANSWER: DIE CRAFTSMEN, INC
05/15/00  DEFT DIE CRAFTSMEN, INC'S CERTIFICATE
          OF WRITTEN DISCOVERY(IG)
08/22/00  PLTF'S REQUEST FOR DISCLOSURE TO DEFT
          DIE CRAFTSMEN INC(IRENE)
01/01/01  TRANSFERRED FROM THE 357TH COURT
03/21/01  DROP DOCKET NOTICES MAILED
04/11/01  MTN TO REINSTATE CAUSE AND TO RETAIN
          ON THE ACTIVE DOCKET(IRENE
04/11/01  MTN FOR TRIAL SETTING(IGARCIA)
06/07/01  CITATION SEC. OF STATE: STAN MANCE
06/07/01  SERVED:
06/19/01  TRANSFERRED FROM THE 404th COURT

03/21/01  PASS TO DROP DOCKET
06/18/01  ORDER GRANTING MOTION TO REINSTATE, AS PER ORDER..AC LIMAS/IG



404TH District Court

CAMERON COUNTY, TEXAS

### ORDER TRANSFERRING CASES

The undersigned District Judge of the 404th District Court of the State of Texas, sitting in Cameron County, Texas, hereby directs and orders that the pending civil cases listed below, pending in the 404th District Court, be hereby transferred to the 357th District Court, effective on June 19, 2001.

IT IS FURTHER ORDERED that the pending civil cases listed below are hereby transferred to the 357th District Court effective June 19, 2001.

SIGNED FOR ENTRY: June _19_, 2001.

1. 1990-09-005294-G   RUBEN JESUS MERINO VS PETRA CECILA MERINO
2. 1990-10-005651-G   GUADALUPE CASTILLO VS ELVIRA G. CASTILLO
3. 1991-09-004109-G   VILLIVALDO CONTRERAS VS PORFIRIO DIAZ ZARATE, ET AL
4. 1991-12-008488-G   GLORIA PAZ VS DIRECTOR, STATE EMPLOYERS WORKMAN'S COMP, ET AL
5. 1992-01-000594-G   DOMINIC GUERRA VS. HIGH YIELD MANAGEMENT
6. 1992-05-002099-G   AUTO LINEAS, ET AL VS MARVIN LEWIS
7. 1993-02-000570-G   STATE OF TEXAS VS JESUS VILLAREAL
8. 1993-10-005862-G   SAN JUANITA GRACIA OLVERA VS CESAR OLVERA
9. 1994-01-000273-G   ELIZABETH HELEN ARENDT NORIEGA VS PABLO J. NORIEGA
10. 1994-09-004745-G   STATE OF TEXAS VS ORNEL URRIOLA
11. 1994-09-004843-G   PRIME INTERESTS, INC. VS BLUM DEVELOPMENT CORP, ET AL
12. 1994-09-004931-G   MARTHA MARTINEZ VS ROBERT MARTINEZ
13. 1994-10-005869-G   STATE OF TEXAS VS ROBERT JAVIER CASARES
14. 1994-11-006428-G   GEORGIANA DAME VS RICHARD NEWTON DAME
15. 1995-03-001195-G   DANIEL ROBLES, ET AL VS PETRA PEREZ, ET AL
16. 1995-03-001669-G   HECTOR LERMA, ET AL VS J.G.CANON, ET AL
17. 1995-06-002996-G   PATRICIA C. GLORES VS CRISPIN FLORES
18. 1995-07-003375-G   FDM, INC. VS JOHN K. STEVENSON, ET AL
19. 1995-11-006250-G   LUIS MARTINEZ VS K-MART CORPORATION, ET AL
20. 1995-11-006658-G   S.Y. SHIPPING CORPORATION VS. ANGELO INTERNATIONAL
21. 1995-12-006901-G   ARACELY NIIRE CAVAZOS VS, FORD MOTOR COMPANY
22. 1996-03-000894-G   ROSALINDA D. MEZA VS ROBERTO MEZA
23. 1996-07-003937-G   RENE DE LA GARZA VS SALAZAR-DEAN GROUP, INC.
24. 1996-11-006704-G   LEE SACHS VS ROBERT REDDISH

30. 1997-05-004387-G  FABIAN QUINTANILLA, ET AL VS BROWNSVILLE IRRIGATION & DRAINAGE DISTRICT, ET AL

31. 1997-06-004811-G  JAMES GRANADO VS H.E. BUTT GROCERY COMPANY

32. 1997-09-005964-G  STEVEN W. HOOTEN VS. JESUS GARCIA, INDIVIDUALLY, ET AL

33. 1997-09-006016-G  JUAN MANUEL SANCHEZ, ET AL VS CHARLES E. STEIGER

34. 1997-10-006147-G  JOHN GEORGE ROBLEDO VS TEX-STEEL CORPORATION

35. 1997-10-006476-G  AMELIA YANEZ VS LEVI STRAUSS, CO.

36. 1997-11-007185-G  IRENE CORINA MEDINA MARTINEZ VS MIGUEL SALINAS RIVERA, ET AL

37. 1997-02-007581-G  DELIA J. EDWARDS VS KENNETH WAYNE EDWARDS

38. 1998-01-000041-G  F&I SYSTEMS, INC., ET AL VS INDEPENDENT RECIPROCAL EXCHANGE

39. 1998-03-001266-G  CINDY REDELSPERGER VS SAUL GONZALEZ

40. 1998-03-001305-G  PRICE VILLAGE FAMILY MEDICAL CLINIC, INC VS JORGE R. GUEVARA

41. 1998-04-001422-G  MARICELA VILLARREAL RHODES         THOMAS WAYNE RHODES

42. 1998-05-001841-G  CORONADO PAINT, INC VS BRIDGEPOINT, ET AL

43. 1998-05-002156-G  REBECCA ARREDONDO VS FRUIT OF THE LOOM, TEXAS, INC.

44. 1998-05-002178-G  RAEFORD ETHERIDGE   VS IRENE B. ETHERIDGE

45. 1998-07-002636-G  LOGAN YOUNG  VS  GARY J. LEMOINE, ET

46. 1998-07-002651-G  NORA SANCHEZ VS CHRYSLER CORPORATION, ET AL

47. 1998-08-003210-G  SYNDICATED OFFICE SYSTEMS, ET AL VS CAMERON COUNTY, TEXAS

48. 1998-08-003305-G  ROSA MARIA FARIAS AVENDANO VS ALFREDO HONORIO AVENDANO

49. 1998-09-003722-G  LA FERIA INDEPENDENT SCHOOL DISTRICT  VS  JOHN ROBERTS, ET AL

50. 1998-10-004018-G  FELIX M. MONTEVERDE PACHECO, ET AL  VS  ANTONIO CARDIEL, ET AL

51. 1998-10-004032-G  ESTES EXPRESS LINES VS LUIS SANCHEZ DE TAGLE, IND. ET AL

52. 1998-10-004167-G  NARCINCO INC.  VS  DAVID PHEIL, GERALD HOFFMAN, ET AL

53. 1998-11-004253-G  TOMAS RODRIGUEZ  VS  MARIA ELENA RODRIGUEZ

54. 1998-11-004373-G  ADRIAN MARTINEZ  VS  COWBOY'S SCAFFOLD'S INC. ET AL

55. 1998-11-004471-G  DANIEL DEAN LENZ  VS CARMEN LENZ

56. 1998-11-004477-G  DORA GARZA ET AL  VS  LORALI, INC. ET AL

57. 1998-11-004540-G  BENITO JUAREZ JR.   VS  EDELSTIEN'S BETTER FURNITURE, INC.

58. 1998-11-004614-G  BETTY C. CARRIZALES  VS DARYL CASTEEL ET AL

59. 1998-11-004624-G  BRAD WHITE, ET AL  VS  NATIONAL AFFORDABLE HOUSING INDUSTRIES

60. 1999-01-000356-G  VALLEY MUNICIPAL UTILITY DIST. #2, ET AL VS  SERGIO TOMAS ESPINOSA, ET AL

61. 1999-01-000362-G  VALLEY MUNICIPAL UTILITY DIST. #2, ET AL VS W. L. CHANCEY

62. 1999-01-000366-G  VALLEY MUNICIPAL UTILITY DIST. #2, ET AL  VS   PATRICIA LEVIN

63. 1999-01-000370-G  DEBORAH GOMEZ VS  JUDY CORBITT PANCIERA

64. 1999-01-000428-G  CAMERON COUNTY   VS   PABLO GUAJARDO, IND ET AL

65. 1999-01-000458-G  HARLINGEN C. I. S. D.   VS   FRED CORTEZ INDIVIDUALLY & DBA TRIPLE

66. 1999-01-000463-G  HARLINGEN C. I. S. D.  VS  MARIA ESTELA PEREZ

67. 1999-02-000736-G  ARNOLD RODRIGUEZ VS  THE CITY OF HARLINGEN, TEXAS, ET AL.

68. 1999-02-000848-G  JOSE ANGEL SERRATA   VS  ROSA EMILIA SERRATA

69. 1999-03-001246-G  REGINO HERNANDEZ VS  TIKI INC.,D/B/A THE TIKI CONDOMINUM HOTE

70. 1999-03-001286-G  SAN BENITO I.S.D.  VS  ARCADIO RAMOS, III, ET UX, ET AL

71. 1999-03-001358-G  MARIA LOURDES HERNANDEZ., IND. VS  LUCY MARIBEL MARTINEZ., ET AL.

72. 1999-03-001367-G  TOKAI FINANCIAL SERVICES, INC. VS PRICE VILLAGE FAMILY CLINIC INC., ET AL

73. 1999-03-001381-G  ESMERALDA GOMEZ   VS  LEROY VASQUEZ ET AL

79. 1999-06-002682-G  JUANA DAVIS VS  L. DON GRAY

80. 1999-06-002785-G  JUAN FRANCISCO ZAMORA VS MARIA ANDREA ZAMORA

81. 1999-07-003068-G  VELMA CHAVEZ  VS  ROBERTO CHAVEZ, JR.

82. 1999-07-003087-G  JACQUELINE PENA  VS  PABLO PENA, JR.

83. 1999-07-003181-G  MINERVA MARTINEZ  VS  A & V LOPEZ SUPERMARKET, INC.

84. 1999-08-003464-G  VERONICA RODRIGUEZ  VS  MAXIMILIANO GARCIA, ET AL

85. 1999-08-003540-G  ARNOLD R. GONZALEZ  VS ROSA MELVA LONGORIA GONZALEZ

86. 1999-08-003645-G  RICARDO LUNA VS  PUBLIC UTILITIES BOARD

87. 1999-09-003788-G  ADAN JALOMO VS  BERT OGDEN MOTORS INC.

88. 1999-09-004001-G  CRISELDA CANTU, ET AUX VS  VALLEY BAPTIST MEDICAL CENTER

89. 1999-09-004034-G  JANIE GONZALES VS  IN AND OUT TRANSFER, INC.

90. 1999-10-004276-G  HERACLEO HERNANDEZ   VS   LLOYD'S LONDON., ET AL.

91. 1999-11-004605-G  HIPOLITO L. NERVAEZ, ET AL VS  SOUTHWESTEREN BELL TELEPHONE CO.

92. 1999-11-004883-G  ERNESTO MENDOZA VS CROCKETT GROVES, INC.

93. 1999-12-005019-G  MAURICIO PERALEZ  VS EDNA ATKINSON

94. 1999-12-005021-G  ELIDA F. BARAJAS.,ET AL. VS DAVID T. ZAVALETTA, ET AL

95. 1999-12-005028-G  SAN BENITO I.S.D. VS  GREGORY TAYLOR CORNETT,ET UX,ET AL

96. 1999-12-005091-G  SALUSTRIO GARCIA  VS.  SANTOS GARAY LOPEZ., ET AL.

97. 1999-12-005147-G  ELIZABETH GARCIA VS  DAIMLER CHRYSLER CORPORATION

98. 1999-12-005250-G  LOS FRESNOS INDEPENDENT SCHOOL DISTRICT VS  JAMES S NEWKIRK,ET AL

99. 1999-12-005340-G  CITY OF SAN BENITO VS  SOUTHERN UNION GAS COMPANY, ET AL

100. 2000-01-000183-G  GAUDENCIO GONZALEZ VS MARIA DE JESUS GONZALEZ ET AL

101. 2000-01-000288-G  HECTOR VARGAS, ET AL VS  ALFONSO BAUTISTA, ET AL

102. 2000-01-000362-G  ALEJANDRA B. VALDEZ, ET AL  VS JOE LEONARDO BUCHICCHIO

103. 2000-01-000394-G  POINT ISABEL INDEPENDENT SCHOOL DISTRICT VS  ERNEST GORENA

104. 2000-02-000661-G  ROSA ELIA LOPEZ VS  CITY OF HARLINGEN, TEXAS, ET AL

105. 2000-02-000803-G  CHARLES B. MADISON VS AKAL INVESTMENTS CORPORATION

106. 2000-03-000974-G  CHARLES B. BURNELL., ET AL.  VS  JAMES E. CAPT., ET AL.

107. 2000-03-001078-G  BANKAMERICA HOUSING SERVICES VS HUGO ADAME, ET AL

108. 2000-03-001184-G  ANA MARIA ZEPEDA VS KMART CORPORATION

109. 2000-03-001264-G  JOHN A. SILAR,ET AL  VS THE CITY OF HARLINGEN, TEXAS

110. 2000-03-001284-G  FERNANDO DEL CASTILLO  VS  DIE CRAFTSMEN INTERNATIONAL., ET AL.

111. 2000-03-001396-G  MA EVA SALDIVAR.,ET AL. VS R&R TRANSPORTATION SERVICES,L.L.C.,ET AL

112. 2000-05-002029-G  YOLANDA MARTINEZ VS  GMAC FINANCIAL SERVICES

113. 2000-05-002086-G  ROBERT J. YOUNG VS  PETER G. HEINZ

114. 2000-05-002119-G  HOMER DE LA GARZA, ET AL VS  NATIONAL ASSET PLACEMENT CORP.

115. 2000-05-002168-G  RIO GRANDE OKRA SALES VS THE DOW CHEMICAL COMPANY, ET AL

116. 2000-05-002207-G  HARLINGEN C. I. S. D.  VS  PALACE HEALTH CARE CLINIC INC.,ET AL

117. 2000-05-002295-G  ANITA GARZA VS  SHERMAN LEE, INC. AND LAS BRISAS CONDOMI

118. 2000-06-002309-G  SANTIAGO GARZA AND CARMEN GARZA  VS  RUBEN BARRERA

119. 2000-06-002359-G  SAN BENITO I. S.D. VS  HENRY THOMAE AND DENNIS THOMAE, ET AL

120. 2000-06-002384-G  FERNANDO GARCIA  VS  SYLVIA R.GARCIA

121. 2000-06-002390-G  SANDRA DE ALBA  VS  JOSE LUIS ALBA

122. 2000-06-002583-G  DIANE SUMMERS VS SUNTIDE III OWNERS ASSOCIATION ET,AL.

123. 2000-06-002661-G  NOE SOLIZ VS  VICTORIA STEEL AND SUPPLY, INC.

129.2000-07-002937-G  CAMERON COUNTY  VS  ARTURO LOZANO,ET AL

130.2000-07-002952-G  CAMERON COUNTY  VS  MARIA A.R. CARVER,ET AL

131.2000-07-003027-G  GLORIA SOTO ARIAS, ET AL  VS  GILBERT KERLIN, INDIVIDUALLY

132.2000-07-003059-G  NORMA L. LAWSON VS  CAMERON COUNTY APPRAISAL DISTRICT

133.2000-08-003186-G  CAMERON COUNTY  VS  ALFREDO HERNANDEZ

134.2000-08-003191-G  CAMERON COUNTY  VS  JOSE GABRIEL DIAZ A/K/A,GABRIEL DIAZ AMA

135.2000-08-003196-G  CAMERON COUNTY  VS  MARCOS ANTONIO LANGUNES,ET AL

136.2000-08-003201-G  CAMERON COUNTY  VS DANIEL RAMIREZ

137.2000-08-003317-G  O' REILLY AUTO PARTS  VS  CAMERON COUNTY APPRAISAL DISTRICT

138.2000-08-003327-G  EDDIE D. MAISONETT  VS  MICHELLE ABELLA/MAISONETT

139.2000-08-003510-G  TOMAS NARANJO TREJO  VS  BLANCA RUBY TREJO

140.2000-08-003538-G  MARIA ELENA DIAZ  VS  ROBERTO DIAZ

141.2000-08-003615-G  MARTY NARANJO, IND., ET AL  VS  SAMUEL CHAVARRIA

142.2000-09-003629-G  BEATRIZ P. SANCHEZ VS  BROWNSVILLE INDEPENDENT SCHOOL DISTRICT

143.2000-09-003674-G  RUBEN HINOJOSA AND SERVERA HINOJOSA VS  MOISES GONZALEZ., ET AL.

144.2000-09-003688-G  KARINA MAGDALENA VILLANUEVA VS  FELIX JAVIER VILLANUEVA

145.2000-09-003733-G  GAUDENCIA GONZALEZ VS  NUESTRA CRUZ, INC., THE MV NUESTRA CRUZ

146.2000-09-003749-G  ISIDRO CEDILLO RAMIREZ VS VICTOR VALDEZ ANDERSON, ET AL

147.2000-09-003764-G  AMY RUTH ALVARADO VS  EDWARD LEE ALVARADO

148.2000-09-003854-G  ROBERT DOUGLAS VS  TAMARA DOUGLAS

149.2000-09-003876-G  STATE OF TEXAS VS REYES LOPEZ MUNOZ & LILIA ABREGO GONZALEZ

150.2000-09-003981-G  GUILLERMINA L. CHAVEZ VS BIO-MEDICAL APPLICATIONS OF TEXAS , INC.

151.2000-09-004024-G  SAN BENITO I.S.D VS  ESMERALDA SANCHEZ ZAMORA,ET

152.2000-09-004029-G  SAN BENITO I.S.D  VS VICTOR NAVA, ET UX, ET

153.2000-09-004034-G  SAN BENITO I.S.D  VS SAUL REYNA,ET AL

154.2000-09-004039-G  SAN BENITO I.S.D  VS JULIE S.BERG

155.2000-09-004044-G  SAN BENITO I.S.D. VS  ROSA LOPEZ,INDV.,& AS TRUSTEE FOR ADONIS

156.2000-09-004049-G  SAN BENITO INDEPENDENT SCHOOL DISTRICT VS  BONNIE FALLS

157.2000-09-004059-G  SAN BENITO I.S.D  VS  MARIA T. VASQUEZ,ET AL

158.2000-10-004105-G  JUPITER HERNANDEZ VS  DAN MOODY AND LISA BOND MOODY

159.2000-10-004173-G  SAN BENITO I.S.D.  VS  STANLEY G.BRUINSMA,ET UX

160.2000-10-004187-G  REYNALDO PITONES VS CYNTHIA BETANCOURT

161.2000-10-004220-G  ANTONIA PADRON,IND. VS  GREGORIO VILLARREAL

162.2000-10-004321-G  CYNTHIA TRINIDAD GONZALEZ VS  HECTOR A. GONZALEZ

163.2000-10-004325-G  SUZANNE MARIE STALEY VS J. GARTH STALEY

164.2000-10-004336-G  IN THE INTEREST OF BRIANNA LEE ALEMAN

165.2000-10-004339-G  DIANE MARTINEZ  VS DAVID MARTINEZ

166.2000-10-004391-G  THIRLWALL'S SHEET METAL CO. VS PRIME TECH INC., ET AL

167.2000-10-004395-G  DONNIE THOMPSON VS CARL C. CHRISTENSEN

168.2000-10-004414-G  ESTELLA ATKINSON VS  PAM TOLEDO., ET AL .

169.2000-10-004455-G  LISA BETH GALVAN VS EDUARDO XAVIER TAPIA

170.2000-11-004494-G  ROBERTO M OLVERA VS HILDA OLVERA

171.2000-11-004559-G  MARY GOMEZ VS NANCY PSCHORR

172.2000-11-004583-G  EL CLAVO SALES, L.P., ET AL VS  STRONG HOLD CONSTRUCTION, INC.

173.2000-11-004588-G  ROBERT PRAHL,ET AL VS CATHEDRAL ROCK CORPORATION OF HARLINGEN,

179. 2000-11-004699-G  JAIME SANDOVAL  VS  ILEANA SANDOVAL

180. 2000-11-004735-G  OSCAR X. GARCIA  VS  TEXAS WORKERS' COMPENSATION INSURANCE FU

181. 2000-11-004827-G  CECILIO AVILA  VS  JANETH ESTRADA AVILA

182. 2000-11-004835-G  FRANCISCO AYALA, ET AL  VS  M & N INDUSTRIAL CONTRACTORS, INC., ET A

183. 2000-12-004890-G  CINDY M. ACOSTA  VS  RUTILIO ACOSTA III

184. 2000-12-004925-G  GINNYVEE GONZALES  VS  DAVID BROWN

185. 2000-12-004958-G  WRIGHT WAY CONSTRUCTION, INC  VS  TEXAS HIGHWAY SYSTEMS, INC.

186. 2000-12-005015-G  PATRICIO GALVAN  VS  NICOLASA GALVAN

187. 2000-12-005039-G  MARIO DANIEL FLORES  VS  ELSA A. FLORES

188. 2000-12-005046-G  THE STATE OF TEXAS  VS  ELIGIO GARZA, ET AL

189. 2000-12-005069-G  MARGARITA CHAVEZ TORRES  VS  BRENT L. CLYDE, M.D., ET AL

190. 2000-12-005072-G  THE STATE OF TEXAS  VS  FRANCISCO JAVIER VIDAL

191. 2000-12-005109-G  OSCAR X. GARCIA  VS  CLARENDON NATIONAL INSURANCE COMPANY

JUDGE PRESIDING

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST CLERK
JUN 19 2001
DISTRICT COURT OF _____ TY TEXAS

United States District Court
Southern District of Texas
FILED

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JUL 3 0 2001

Michael N. Milby
Clerk of Court

| FERNANDO DEL CASTILLO, | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. **B - 0 1 - 129** |
| | § | |
| DIE CRAFTSMEN INTERNATIONAL, | § | |
| DIE CRAFTSMEN, INC., AND STAN | § | |
| MANCE, INDIVIDUALLY, | § | |
| Defendants | § | |

_____

# I N D E X

_____

1.   Notice of Removal

2.   Civil Cover Sheet

3.   Citation

4.   Plaintiff's Original Petition, Filed March 24, 2000

5.   Plaintiff's Original Petition served on July 9, 2001

6.   Defendant's Original Answer

7.   Civil Docket Sheet - State Court

8.   Order Transferring Cases

9.   List of Counsel of Record

United States District Court
Southern District of Texas
FILED

JUL 3 0 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

B - 0 1 - 129

| | | |
|---|---|---|
| FERNANDO DEL CASTILLO,<br>Plaintiff | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO._____ |
| DIE CRAFTSMEN INTERNATIONAL,<br>DIE CRAFTSMEN, INC., AND STAN<br>MANCE, INDIVIDUALLY,<br>Defendants | §<br>§<br>§<br>§<br>§ | |

## LIST OF COUNSEL AND PARTIES

### COUNSEL FOR PLAINTIFF:

Mr. Dennis Sanchez
Sanchez, Whittington, Janis & Zabarte, LLP
100 N. Expressway 83
Brownsville, Texas 78521
Telephone: (956) 546-3731
Telefax: (956) 546-3765


### COUNSEL FOR DEFENDANT DIE CRAFTSMEN, INC:

Raymond A. Cowley
Rodriguez, Colvin & Chaney, LLP
4900 North Tenth Street, Bldg. A2
McAllen, Texas 78504
Telephone: (956) 686-1287
Telefax: (956) 686-6197

-1-