Case 1:01-cv-00129   Document 3   Filed in TXSD on 08/03/2001   Page 1 of 40

United States District Court
Southern District of Texas
FILED

AUG 0 3 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FERNANDO DEL CASTILLO,          §
    Plaintiff                          §
                                       §
VS.                                        §          CIVIL ACTION NO. B-01-129
                                       §
DIE CRAFTSMEN INTERNATIONAL,    §
DIE CRAFTSMEN, INC., AND STAN   §
MANCE, INDIVIDUALLY,            §
    Defendants                         §

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

STAN MANCE, by and through the undersigned attorney, prior to filing any responsive pleading and prior to appearing herein, makes special appearance pursuant to Rule 12(b)(2), solely to challenge the jurisdiction of the Court over his person, and in support respectfully shows:

1.    The instant lawsuit was filed in state district court on March 24, 2000. A true and correct copy of the Plaintiff's Original Petition is attached hereto for the limited purposes of showing the date of its filing and the matters alleged, but without admitting to the truth of such matters. Citation was initially sought only with respect to Die Craftsmen, Inc., one of the defendants, and the said Die Craftsmen, Inc. answered in state court.

2.    On or about June 7, 2001, well over one year after the present action was commenced, the Plaintiff sought long-arm service on Stan Mance, a citizen of Canada and also a person named as a defendant, by service on and through the Secretary of State. The document served on the Secretary of State and entitled Plaintiff's Original Petition, however, was not the Plaintiff's Original Petition which was filed on March 24, 2000 in state district court. Such document similarly had never been filed with the state district court and had never been served as an amended pleading on the attorney for Defendant Die Craftsmen, Inc. The attorney for Die Craftsmen, Inc., therefore, on July 18, 2001, wrote to Plaintiff's counsel and asked what the document served on the Secretary of State purported to be, and by what authority long-arm service could be accomplished by serving on a nonresident a pleading which was never filed with the court. A true and correct copy of the July 18, 2001 letter is attached hereto and incorporated herein.

-1-

No response to the July 18, 2001 letter was ever received. Also attached to this motion is a copy of the document entitled Plaintiff's Original Petition which was served on the Secretary of State, but which was never filed in the state district court. Such document is presented for the limited purpose of demonstrating to the Court that the document is not the Plaintiff's Original Petition which was filed with the state district court and which was served on Defendant Die Craftsmen, Inc.

3. The document served on the Secretary of State and referred to as Plaintiff's Original Petition alleged for the first time a claim under the Age Discrimination in Employment Act, 29 U.S.C. §§621, et seq. Given the Plaintiff's intention to assert a claim under federal law, as revealed by the document served on the Secretary of State, Defendant Die Craftsmen, Inc. removed the suit to this Court, pursuant to 28 U.S.C. §§1331, 1441 and 1446.

4. In the absence of a federal statute authorizing service on a nonresident defendant, federal courts, in determining whether personal jurisdiction exists, look to state law to determine whether the forum state would have personal jurisdiction over the defendant. Fed.R.Civ.Proc. 4(e); State of N.C. Ex. Rel Long v. Alexander & Alexander, 680 F. Supp. 746, 749 (E.D. N.C. 1988). Texas law, in turn, requires that service be accomplished by the preparation of a citation to be ". . . accompanied by a copy of the plaintiff's petition." Tex. R.Civ. Proc. 101 (Vernon). For purposes of long-arm service, a copy of such "process," consisting of the citation and petition, is to be mailed by the Secretary of State to the nonresident defendant. Tex.Civ.Prac. & Rem. Code, §17.044 (Vernon). Texas law further requires that any amended pleading, in addition to being filed with the court, also be served on the opposing counsel. Tex.R.Civ.Proc. 77 (Vernon). The document served by the Plaintiff on the Secretary of State, in turn, was never filed with the state district court, and similarly was never served on the attorney for Defendant Die Craftsmen, Inc. Accordingly, Stan Mance has never to date been served with either the Plaintiff's Original Petition filed in the state district court, or with an amended petition, and thus has not been served with process, as required by Texas law. Inasmuch as the state district court did not acquire and could

not acquire jurisdiction over his person, this Court respectfully has acquired no personal jurisdiction over the movant, Mr. Mance.

5.      A challenge to personal jurisdiction is properly effected by motion to dismiss, pursuant to Federal Rule 12(b)(2).  Robinson v. Town of Madison, 752 F.Supp. 842, 845 (N.D. Ill. 1990).  This motion is supported by the pleadings and sworn documentary evidence served herewith.

WHEREFORE, Stan Mance, by way of special appearance, moves this Court to dismiss as to him, for the reason that the Court respectfully lacks personal jurisdiction over him.

Respectfully submitted,

Raymond A. Cowley
State Bar I.D. No. 04932400
Federal I.D. No. 8642

4900 A-2 N. 10th St.
McAllen, Texas 78504
Telephone: (956) 686-1287
Telefax : (956) 686-6197

OF COUNSEL:

**RODRIGUEZ, COLVIN & CHANEY LLP**

## CERTIFICATE OF SERVICE

I, Raymond A. Cowley, hereby certify that a true and correct copy of the foregoing document has been forwarded by certified mail, return receipt requested, to the following counsel of record, on the 2 day of August , 2001.

Mr. Dennis Sanchez
Sanchez, Whittington, Janis & Zabarte, LLP
100 N. Expressway 83
Brownsville, Texas 78521

Raymond A. Cowley

-3-

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FERNANDO DEL CASTILLO,                §
    Plaintiff                              §
                                           §
VS.                                   §     CIVIL ACTION NO. B-01-129
                                           §
DIE CRAFTSMEN INTERNATIONAL,          §
DIE CRAFTSMEN, INC., AND STAN         §
MANCE, INDIVIDUALLY,                  §
    Defendants                             §

## AFFIDAVIT OF RAYMOND A. COWLEY

THE STATE OF TEXAS          §
                            §
COUNTY OF HIDALGO           §

BEFORE ME, the undersigned authority, personally appeared RAYMOND A. COWLEY, who being by me duly sworn, deposed as follows:

"My name is Raymond A. Cowley. I am the attorney in charge for Defendant Die Craftsmen, Inc. in the above cause. I am over 21 years of age and have never been convicted of a felony. I have personal knowledge of the facts stated herein, and those facts are true and correct.

The document attached hereto as Exhibit "A" is a true and correct copy of the Plaintiff's Original Petition filed with the state district court on March 24, 2000 and served on the attorney for Defendant Die Craftsmen, Inc. The documents attached hereto collectively as Exhibit "B" are true and correct copies of the documents served by the Plaintiff on the Secretary of State and referred to as Plaintiff's Original Petition. The document attached as Exhibit "C" is a true and correct copy of the docket sheet from the state district court. The document attached as Exhibit "D" is a true and correct copy of the July 18, 2001 letter sent to the attorney for the Plaintiff."

Further affiant sayeth naught.



RAYMOND A. COWLEY

SUBSCRIBED AND SWORN to before me on this ____1st____ DAY OF
_____August_____, 2001, to certify which witness my hand and official seal.

Maria F. Salinas
Notary Public - State of Texas

MARIA L. SALINAS
MY COMMISSION EXPIRES
November 25, 2003

CAUSE NO. 200003-1284-E

| | | |
|---|---|---|
| FERNANDO DEL CASTILLO | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| vs. | § | OF CAMERON COUNTY, TEXAS |
| | § | |
| DIE CRAFTSMEN INTERNATIONAL, | § | |
| DIE CRAFTSMEN INC., AND | § | |
| STAN MANCE, INDIVIDUALLY | § | 35 TH JUDICIAL DISTRICT |

FILED 351 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK

MAR 2 4 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
JANIE WOLFE DEPUTY

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FERNANDO DEL CASTILLO, Plaintiff in the above styled lawsuit, and complains of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE, (herein "Defendants") and for cause of action shows:

### I.

### Discovery Plan

Pursuant to and as required by Rule 190.1 of the Texas Rules of Civil Procedure, discovery is intended to be conducted under Level 3 of Rule 190 (as discussed in Rule 190.2) of the Texas Rules of Civil Procedure.

### II.

### Parties

1. Plaintiff, FERNANDO DEL CASTILLO, is an individual residing at 858 Grey Fox Circle, Brownsville, Cameron County, Texas, 78520.



**EXHIBIT**
**A**

2.  DIE CRAFTSMEN, INC. is a Texas Corporation maintaining a physical address at 4630 Mar Street, Brownsville, Cameron County, Texas 78521 and may be served by serving its registered agent Jane Akin Brasch, 806 Morgan Blvd. Suite 7, Harlingen, Cameron County, Texas 78550.

3.  Defendant STAN MANCE can be served by serving him at his business address at Kitchener Die Craftsmen, 227 Riverbend Drive, Kitchener, Ontario N2B 2E8.

4.  Defendant DIE CRAFTSMEN INTERNATIONAL can be served by serving the Court Administration, Ontario Court of Justice Courthouse, 393 Main St. P.O. Box 1208, Haileybury, Ontario POJ IKO, its home office.

### III.

### Jurisdiction

This court has jurisdiction over the Defendants and over the amount in controversy pursuant to TEX. GOV. CODE ANN. §§ 24.007, 25.0003 and TEX. CIV. PRAC. & REM CODE § 17.044.

### IV.

### Minimum Contacts

The Texas Secretary of State is the agent for service on the non-resident defendants because the non-resident defendants engaged in business in Texas, the non-resident defendants do not maintain a regular place of business in Texas, the non-resident defendants do not have a designated agent for service of process, and the lawsuit arises out of the non-resident's business in Texas.

### V.

### Venue

Venue is proper in Cameron County since all or a substantial part of the events or omissions giving rise to this claim occurred in Cameron County, Texas and Cameron County, Texas is the

principal place of business for DIE CRAFTSMEN INC., one of the named Defendants pursuant to TEX. CIV. PRAC & REM. CODE §§ 15.001, 15.002 and § 15.035(a).

## VI.

### Conditions Precedent

All conditions precedent to Plaintiff's right to recovery and to Defendants' liability have been performed or have occurred.

## VII.

### Operative Facts

1. Plaintiff, prior to entering into a contract with Defendants, was employed as a General Manufacturing Manager for Valley Rio Enterprises from approximately 1968 up and until October 15, 1998 and has extensive experience and contacts in the manufacturing industry.

2. On or about May 1995, Plaintiff was approached by Stan Mance of Die Craftsmen International with a job offer. Plaintiff continued to decline Defendant's repeated offers since the offers were essentially the same as he was currently earning with his current employer. In 1998 the Defendants offered and enticed Plaintiff with, inter alia, an offer to receive 10% of the issued and outstanding stock of Die Craftsmen International. Plaintiff therefore decided to leave his company of 30 years and to accept the offer of employment and the incentive bonus offered by Defendants.

3. On or about September 21, 1998, Plaintiff and Defendants agreed and contracted that Plaintiff would become employed to work for Defendants' business known as Die Craftsmen International. Plaintiff agreed to serve as the company's Vice President of Manufacturing of its Brownsville facility for an indefinite period of time. Plaintiff was given an annual salary of $70,000.00 United States Dollars, an extensive benefit package, six (6) weeks of annual paid vacation, personal

use of a company car, and 10% of the company's stock with promises of future raises and benefits. Time was of the essence in this contract. Plaintiff accepted Defendants' offer verbally and by beginning employment with the company at its Brownsville facility.

4. Prior to his employment with the company, Plaintiff was advised by Defendant Stan Mance that "as long as the Brownsville Plant broke even the first year and a half, that is all that would be required."

5. Plaintiff was promised, and was supplied, two staff personnel from the Canadian facility for the Brownsville operation. In addition a salesmen was to be supplied to the Brownsville facility to secure production contracts. However, as time progressed, Plaintiff was informed by the company that the company could not afford the cost of a full time salesman. Plaintiff then took it upon himself to travel and seek out and, in fact, did seek and obtain clients for the Brownsville Manufacturing facility.

6. On or about October 26, 1998 a "Corporate Announcement" was distributed in the form of a written memo announcing Plaintiff's appointment within the company. Plaintiff began the duties of employment and duly performed all of the conditions of the agreement; production was on a steady incline with growing profits and no losses up and until May, 1999 when Plaintiff, without warning, was given a letter from the company informing him of his termination. Plaintiff subsequently learned that Defendant's brother in law, who is much younger than Plaintiff, has essentially taken over Plaintiff's position in the company. At all relevant times, Plaintiff has been willing and able to perform the terms of the contract but has been prevented from doing so by defendant's repudiation or breach of the contract. Since the date of Plaintiff's discharge, Defendant has failed and refused,

and continues to fail and refuse, to permit Plaintiff to continue to perform Plaintiff's duties under the agreement.

## VIII.

### First Cause Of Action
### Breach of Contract

1. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through VII, inclusive, as though fully set forth at length and made a part hereof.

2. As herein alleged, Plaintiff had entered into written and oral agreements with Defendants. The Defendants had knowledge that the Plaintiff desired to have success in the operation of the business, and that such success would be evidenced by Plaintiff's continuation of the operation of the business and the generation of profits.

3. The Defendants, in seeking to perpetuate their own self-interests, disrupted the relationship, terminated Plaintiff under false pretenses and prevented the expectancy which the Plaintiff had of operating a viable manufacturing facility. In addition when Defendants failed to provide adequate sales staff, failed to pay Plaintiff pursuant to the agreement, failed to compensate Plaintiff with a 10% interest in company stock, and failed to fully fund the Brownsville facility they breached their written and oral agreements, the express and implied warranties arising therefrom, their obligation of good faith and fair dealing, and failed to fulfill their duties they had with Plaintiff.

4. As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

5.   The Defendants breached their covenants of good faith and fair dealing owed to the Plaintiff but their acts.  As a proximate result of the Defendants' breach of their covenant of good faith and fair dealing, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

6.   As a further proximate result of the aforementioned acts, Plaintiff has suffered panic, humiliation, worry, anxiety, mental anguish, and physical and emotional distress, all to his damage in the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

## IX

### Second Cause of Action
### Intentional Interference with Prospective Economic Viability

1.   The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through VIII, inclusive, as though fully set forth at length and made a part hereof.

2.   An economic relationship existed between Plaintiff and the Defendants which contained the probability and the expectancy of future economic viability of Plaintiff's ownership and operation of the Brownsville facility.  The Defendants had knowledge that the Plaintiff desired to have success in the operation of the business, and that such success would be evidenced by Plaintiff's continuation of the operation of the business and the generation of profits.

3.   The Defendants, in seeking to perpetuate their own self-interests, disrupted the relationship, terminated Plaintiff under false pretenses and prevented the expectancy which the Plaintiff had of operating a viable manufacturing facility.

4.  As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

5.  As a further proximate result of the aforementioned acts, Plaintiff has suffered panic, humiliation, worry, anxiety, mental anguish, and physical and emotional distress, all to his damage in the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

6.  In doing the acts herein alleged, the Defendants acted with oppression, fraud, and wrongful intent, and the Plaintiff is therefore entitled to punitive damages in a sum in excess of the minimal jurisdictional limits of this Court.

## X.

### Third Cause Of Action
### Conspiracy to Commit Tortious Interference and Civil Conspiracy

1.  The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through IX, inclusive, as though fully set forth at length and made a part hereof.

2.  Plaintiff will show that the Defendants engaged in a series of acts in conspiracy with each other to thwart Plaintiff's efforts to manage and operate the Brownsville facility. Such acts include conspiring with the assistant plant manager to take over the Brownsville facility in a premeditated manner.

3.  As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00). Pursuant

to Section 15.21, V.A.T.S., Plaintiff is entitled to recover threefold damages sustained, costs of suit, and reasonable attorneys' fees.

4. In doing the acts herein alleged, the Defendants acted with oppression, fraud, and wrongful intent, and the Plaintiff is therefore entitled to punitive damages in a sum in excess of the minimal jurisdictional limits of this Court.

## XI.

### Fourth Cause of Action
### <u>Fraud</u>

1. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through XIII, inclusive, as though fully set forth at length and made a part hereof.

2. Defendants are jointly and severally liable for the common law tort of Fraud. Defendants made material misrepresentations about the company, how and what was expected of Plaintiff and production, and the reasons why Plaintiff was terminated; the representations were false; when Defendants made those representations Defendants knew they were false or Defendants made the representations recklessly without any knowledge of the truth of their assertion; Defendants made those representations with the intent that they would be acted upon by Plaintiff; Plaintiff relied and acted upon Defendants' statements and representations; and Plaintiff has suffered extensive damages as a result of Defendants' fraudulent statements and representations.

3. As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

4.  As a further proximate result of the aforementioned acts, Plaintiff has suffered panic, humiliation, worry, anxiety, mental anguish, and physical and emotional distress, all to his damage in the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

5.  Defendants' actions in discharging Plaintiff were harsh, oppressive, discriminatory, and malicious in that Defendants knowingly lied about Plaintiff's job performance, company losses, Plaintiff's future with the company and much more. The conduct was intentional, with conscious indifference to the rights of Plaintiff, and without justification or excuse. Defendants acted with an evil intent to harm Plaintiff. The wrong done by defendant was aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff is therefore entitled to punitive damages in a sum in excess of the minimal jurisdictional limits of this Court.

## XII

### Fifth Cause of Action
### Intentional Misrepresentation

1.The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through XIV, inclusive, as though fully set forth at length and made a part hereof.

2.  The Defendants made material misrepresentations about the company, how and what was expected of Plaintiff and production, and the reasons why Plaintiff was terminated; the representations were false; when Defendants made those representations Defendants knew they were false or Defendants made the representations recklessly without any knowledge of the truth of their assertion; Defendants made those representations with the intent that they would be acted upon by Plaintiff; Plaintiff relied and acted upon Defendants' statements and representations; and  Plaintiff has suffered

extensive damages as a result of Defendants' fraudulent statements and representations. The Plaintiff's reliance upon these representations were justified because of the relationship which he held with the Defendants

3.  As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

4.  As a further proximate result of the aforementioned acts, Plaintiff has suffered panic, humiliation, worry, anxiety, mental anguish, and physical and emotional distress, all to his damage in the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

5.  Defendants' actions in discharging Plaintiff were harsh, oppressive, discriminatory, and malicious in that Defendants knowingly lied about Plaintiff's job performance, company losses, Plaintiff's future with the company and much more. The conduct was intentional, with conscious indifference to the rights of Plaintiff, and without justification or excuse. Defendants acted with an evil intent to harm Plaintiff. The wrong done by defendant was aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff is therefore entitled to punitive damages in a sum in excess of the minimal jurisdictional limits of this Court.

## XIII.

Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the attorney's whose names are subscribed to this petition. Plaintiff, is, therefore, entitled to recover from Defendants an additional sum to compensate

Plaintiff for a reasonable fee for such attorneys' services in the preparation and prosecution of this action as well as a reasonable fee for any and all appeals to other courts.

## XIV.

### Demand For Jury Trial

Plaintiff demands a trial by jury on all issues herein.

## XV.

### Prayer

WHEREFORE, Plaintiff requests that the Defendants be cited to appear and answer, and that on final trial, Plaintiff be granted judgment as follows:

1. For compensatory damages against DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN, INC., AND STAN MANCE, jointly and severally for damages representing wage payments, vacation pay, bonuses, pension rights, stock in the company and all other compensation due to Plaintiff that accrued at the time of the filing of this petition, plus interest at the legal rate from the date each payment became due until the date of judgement in the amount of ONE MILLION FIVE HUNDRED DOLLARS ($1,500,000.00).

2. For damages suffered for the panic, worry, anxiety, mental anguish and physical and emotional distress in the sum of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

3. For punitive damages in the sum in excess of the minimal jurisdictional limits of this Court.

4. For all prejudgement interest.

5. For all post judgment interest.

6. For reasonable attorneys' fees and court costs.

7. For costs of court.

8. For such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted

By: _____
    Dennis Sanchez
    SBN 17569600

SANCHEZ, WHITTINGTON,
JANIS & ZABARTE L.L.P.
100 N. Expressway 83
Brownsville, Texas 78521
(956) 546-3731 - Telephone
(956) 546-3765/66 - Telecopier
Attorneys for Plaintiff

Case 1:01-cv-00129   Document 3   Filed in TXSD on 08/03/2001   Page 17 of 40

CAUSE NO. 2000-03-1284-E

| | | |
|---|---|---|
| FERNANDO DEL CASTILLO | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| vs. | § | OF CAMERON COUNTY, TEXAS |
| | § | |
| DIE CRAFTSMEN INTERNATIONAL, | § | |
| DIE CRAFTSMEN INC., AND | §. | |
| STAN MANCE, INDIVIDUALLY | § | 357th JUDICIAL DISTRICT |

## **PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FERNANDO DEL CASTILLO, Plaintiff in the above styled lawsuit, and complains of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE, (herein "Defendants") and for cause of action shows:

### I.

### Discovery Plan

Pursuant to and as required by Rule 190.1 of the Texas Rules of Civil Procedure, discovery is intended to be conducted under Level 3 of Rule 190 (as discussed in Rule 190.2) of the Texas Rules of Civil Procedure.

### II.

### Parties

1. Plaintiff, FERNANDO DEL CASTILLO, is an individual residing at 858 Grey Fox Circle, Brownsville, Cameron County, Texas, 78520.


EXHIBIT
B

2. DIE CRAFTSMEN, INC. is a Texas Corporation maintaining a physical address at 4630 Mar Street, Brownsville, Cameron County, Texas 78521 and may be served by serving its registered agent Jane Akin Brasch, 806 Morgan Blvd. Suite 7, Harlingen, Cameron County, Texas 78550.

3. Defendant STAN MANCE can be served by serving him at his business address at Kitchener Die Craftsmen, 227 Riverbend Drive, Kitchener, Ontario N2B 2E8.

4. Defendant DIE CRAFTSMEN INTERNATIONAL can be served by serving the Court Administration, Ontario Court of Justice Courthouse, 393 Main St. P.O. Box 1208, Haileybury, Ontario POJ IKO, its home office.

### III.

### Jurisdiction

This court has jurisdiction over the Defendants and over the amount in controversy pursuant to TEX. GOV. CODE ANN. §§ 24.007, 25.0003 and TEX. CIV. PRAC & REM CODE § 17.044.

### IV.

### Minimum Contacts

The Texas Secretary of State is the agent for service on the non-resident defendants because the non-resident defendants engaged in business in Texas, the non-resident defendants do not maintain a regular place of business in Texas, the non-resident defendants do not have a designated agent for service of process, and the lawsuit arises out of the non-resident's business in Texas.

### V.

### Venue

Venue is proper in Cameron County since all or a substantial part of the events or omissions giving rise to this claim occurred in Cameron County, Texas and Cameron County, Texas is the

Case 1:01-cv-00129  Document 3  Filed in TXSD on 08/03/2001  Page 19 of 40

principal place of business for DIE CRAFTSMEN INC., one of the named Defendants pursuant to TEX. CIV. PRAC & REM. CODE §§ 15.001, 15.002 and § 15.035(a).

## VI.

### Conditions Precedent

All conditions precedent to Plaintiff's right to recovery and to Defendants' liability have been performed or have occurred.

## VII.

### Operative Facts

1. Plaintiff, prior to entering into a contract with Defendants, was employed as a General Manufacturing Manager for Valley Rio Enterprises from approximately 1968 up and until October 15, 1998 and has extensive experience and contacts in the manufacturing industry.

2. On or about May 1995, Plaintiff was approached by Stan Mance of Die Craftsmen International with a job offer. Plaintiff continued to decline Defendant's repeated offers since the offers were essentially the same as he was currently earning with his current employer. In 1998 the Defendants offered and enticed Plaintiff with, inter alia, an offer to receive 10% of the issued and outstanding stock of Die Craftsmen International. Plaintiff therefore decided to leave his company of 30 years and to accept the offer of employment and the incentive bonus offered by Defendants.

3. On or about September 21, 1998, Plaintiff and Defendants agreed and contracted that Plaintiff would become employed to work for Defendants' business known as Die Craftsmen International. Plaintiff agreed to serve as the company's Vice President of Manufacturing of its Brownsville facility for an indefinite period of time. Plaintiff was given an annual salary of $70,000.00 United States Dollars, an extensive benefit package, six (6) weeks of annual paid vacation, personal

use of a company car, and 10% of the company's stock with promises of future raises and benefits. Time was of the essence in this contract. Plaintiff accepted Defendants' offer verbally and by beginning employment with the company at its Brownsville facility.

4. Prior to his employment with the company, Plaintiff was advised by Defendant Stan Mance that "as long as the Brownsville Plant broke even the first year and a half, that is all that would be required."

5. Plaintiff was promised, and was supplied, two staff personnel from the Canadian facility for the Brownsville operation. In addition a salesmen was to be supplied to the Brownsville facility to secure production contracts. However, as time progressed, Plaintiff was informed by the company that the company could not afford the cost of a full time salesman. Plaintiff then took it upon himself to travel and seek out and, in fact, did seek and obtain clients for the Brownsville Manufacturing facility.

6. On or about October 26, 1998 a "Corporate Announcement" was distributed in the form of a written memo announcing Plaintiff's appointment within the company. Plaintiff began the duties of employment and duly performed all of the conditions of the agreement; production was on a steady incline with growing profits and no losses up and until May, 1999 when Plaintiff, without warning, was given a letter from the company informing him of his termination. Plaintiff subsequently learned that Defendant's brother in law, who is much younger than Plaintiff, has essentially taken over Plaintiff's position in the company. At all relevant times, Plaintiff has been willing and able to perform the terms of the contract but has been prevented from doing so by defendant's repudiation or breach of the contract. Since the date of Plaintiff's discharge, Defendant has failed and refused,

and continues to fail and refuse, to permit Plaintiff to continue to perform Plaintiff's duties under the agreement.

## VIII.

### First Cause Of Action
### Breach of Contract

1.  The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through VII, inclusive, as though fully set forth at length and made a part hereof.

2.  As herein alleged, Plaintiff had entered into written and oral agreements with Defendants. The Defendants had knowledge that the Plaintiff desired to have success in the operation of the business, and that such success would be evidenced by Plaintiff's continuation of the operation of the business and the generation of profits.

3.  The Defendants, in seeking to perpetuate their own self-interests, disrupted the relationship, terminated Plaintiff under false pretenses and prevented the expectancy which the Plaintiff had of operating a viable manufacturing facility. In addition when Defendants failed to provide adequate sales staff, failed to pay Plaintiff pursuant to the agreement, failed to compensate Plaintiff with a 10% interest in company stock, and failed to fully fund the Brownsville facility they breached their written and oral agreements, the express and implied warranties arising therefrom, their obligation of good faith and fair dealing, and failed to fulfill their duties they had with Plaintiff.

4.  As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

Case 1:01-cv-00129 Document 3 Filed in TXSD on 08/03/2001 Page 22 of 40

5. The Defendants breached their covenants of good faith and fair dealing owed to the Plaintiff but their acts. As a proximate result of the Defendants' breach of their covenant of good faith and fair dealing, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

6. As a further proximate result of the aforementioned acts, Plaintiff has suffered panic, humiliation, worry, anxiety, mental anguish, and physical and emotional distress, all to his damage in the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

## IX

### Second Cause of Action
### Intentional Interference with Prospective Economic Viability

1. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through VIII, inclusive, as though fully set forth at length and made a part hereof.

2. An economic relationship existed between Plaintiff and the Defendants which contained the probability and the expectancy of future economic viability of Plaintiff's ownership and operation of the Brownsville facility. The Defendants had knowledge that the Plaintiff desired to have success in the operation of the business, and that such success would be evidenced by Plaintiff's continuation of the operation of the business and the generation of profits.

3. The Defendants, in seeking to perpetuate their own self-interests, disrupted the relationship, terminated Plaintiff under false pretenses and prevented the expectancy which the Plaintiff had of operating a viable manufacturing facility.

Case 1:01-cv-00129   Document 3   Filed in TXSD on 08/03/2001   Page 23 of 40

4. As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

5. As a further proximate result of the aforementioned acts, Plaintiff has suffered panic, humiliation, worry, anxiety, mental anguish, and physical and emotional distress, all to his damage in the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

6. In doing the acts herein alleged, the Defendants acted with oppression, fraud, and wrongful intent, and the Plaintiff is therefore entitled to punitive damages in a sum in excess of the minimal jurisdictional limits of this Court.

## X.

### Third Cause Of Action
### Conspiracy to Commit Tortious Interference and Civil Conspiracy

1. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through IX, inclusive, as though fully set forth at length and made a part hereof.

2. Plaintiff will show that the Defendants engaged in a series of acts in conspiracy with each other to thwart Plaintiff's efforts to manage and operate the Brownsville facility. Such acts include conspiring with the assistant plant manager to take over the Brownsville facility in a premeditated manner.

3. As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00). Pursuant

CMPDF - www.fenito.com

to Section 15.21, V.A.T.S., Plaintiff is entitled to recover threefold damages sustained, costs of suit, and reasonable attorneys' fees.

4. In doing the acts herein alleged, the Defendants acted with oppression, fraud, and wrongful intent, and the Plaintiff is therefore entitled to punitive damages in a sum in excess of the minimal jurisdictional limits of this Court.

## XI.

### Fourth Cause of Action
### Tortious Breach of the Covenant of Good Faith and Fair Dealing

1. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through X, inclusive, as though fully set forth at length and made a part hereof.

2. There was implied in all of the written and oral agreements, a covenant of good faith ad fair dealing wherein the Defendants impliedly covenanted that they would, in good faith and in the exercise of fair dealing, deal with the Plaintiff fairly and honestly, and do nothing to impair, interfere with, hinder, or potentially injure Plaintiff's rights.

3. The Defendants breached their covenant of good faith and fair dealing owed to Plaintiff by their acts. As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

4. As a further proximate result of the aforementioned acts, Plaintiff has suffered panic, humiliation, worry, anxiety, mental anguish, and physical and emotional distress, all to his damage in the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

5.  In doing the acts herein alleged, the Defendants acted with oppression, fraud, and wrongful intent, and the Plaintiff is therefore entitled to punitive damages in a sum in excess of the minimal jurisdictional limits of this Court.

## XII.

### Fifth Cause of Action
### Negligence

1.  The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through XI, inclusive, as though fully set forth at length and made a part hereof.

2.  By virtue of the facts alleged herein, the Defendants were vested with certain duties pertaining to their relationship with the Plaintiff, which duties the Defendants negligently, carelessly, and recklessly performed so as to proximately cause damages to the Plaintiff.

4.  As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

5.  As a further proximate result of the aforementioned acts, Plaintiff has suffered panic, humiliation, worry, anxiety, mental anguish, and physical and emotional distress, all to his damage in the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

6.  Defendants' actions Plaintiff were harsh, oppressive, discriminatory, and malicious in that Defendants knowingly lied about Plaintiff's job performance, company losses, Plaintiff's future with the company and much more.  Defendants conduct was intentional, with conscious indifference to the rights of Plaintiff, and without justification or excuse. Defendants acted with an evil intent to harm

Plaintiff.  The wrong done by defendant was aggravated by the kind of willfulness, wantonness, and

malice for which the law allows the imposition of exemplary damages.  Plaintiff is therefore entitled

to punitive damages in a sum in excess of the minimal jurisdictional limits of this Court.

## XIII.

### Sixth Cause of Action
### Age Discrimination

1.  The Plaintiff realleges and incorporates herein by reference each and every allegation

contained in Paragraphs I through XII, inclusive, as though fully set forth at length and made a part

hereof.

2.  An employer is prohibited by the Age Discrimination in Employment Act from

discriminating in hiring, firing, compensating, setting working conditions, or otherwise adversely

affecting a person's status because of the person's age pursuant to 29 U.S.C. § 621 et seq.

Defendants violated the AEDA when they wrongfully terminated Plaintiff and replaced him with a

much younger and inexperienced man.

3.  As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE

CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in

excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

4.  As a further proximate result of the aforementioned acts, Plaintiff has suffered panic,

humiliation, worry, anxiety, mental anguish, and physical and emotional distress, all to his damage

in the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

5.  Defendants' actions in discharging Plaintiff were harsh, oppressive, discriminatory, and

malicious in that Defendants knowingly lied about Plaintiff's job performance, company losses,

Plaintiff's future with the company and much more. The conduct was intentional, with conscious indifference to the rights of Plaintiff, and without justification or excuse. Defendants acted with an evil intent to harm Plaintiff. The wrong done by defendant was aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff is therefore entitled to punitive damages in a sum in excess of the minimal jurisdictional limits of this Court.

## XIV

### Seventh Cause of Action
### Fraud

1. The Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs I through XIII, inclusive, as though fully set forth at length and made a part hereof.

2. Defendants are jointly and severally liable for the common law tort of Fraud. Defendants made material misrepresentations about the company, how and what was expected of Plaintiff and production, and the reasons why Plaintiff was terminated, the representations were false; when Defendants made those representations Defendants knew they were false or Defendants made the representations recklessly without any knowledge of the truth of their assertion; Defendants made those representations with the intent that they would be acted upon by Plaintiff; Plaintiff relied and acted upon Defendants' statements and representations; and Plaintiff has suffered extensive damages as a result of Defendants' fraudulent statements and representations.

---

3.  As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE

CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in

excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

4.  As a further proximate result of the aforementioned acts, Plaintiff has suffered panic,

humiliation, worry, anxiety, mental anguish, and physical and emotional distress, all to his damage

in the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

5.  Defendants' actions in discharging Plaintiff were harsh, oppressive, discriminatory, and

malicious in that Defendants knowingly lied about Plaintiff's job performance, company losses,

Plaintiff's future with the company and much more.  The conduct was intentional, with conscious

indifference to the rights of Plaintiff, and without justification or excuse. Defendants acted with an

evil intent to harm Plaintiff.  The wrong done by defendant was aggravated by the kind of willfulness,

wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff is

therefore entitled to punitive damages in a sum in excess of the minimal jurisdictional limits of this

Court.

XV

**Eighth Cause of Action**
**Intentional Misrepresentation**

1.The Plaintiff realleges and incorporates herein by reference each and every allegation

contained in Paragraphs I through XIV, inclusive, as though fully set forth at length and made a part

hereof.

2.  The Defendants made material misrepresentations about the company, how and what was

expected of Plaintiff and production, and the reasons why Plaintiff was terminated; the representations

CUSPDF - www.tucows.com

were false; when Defendants made those representations Defendants knew they were false or Defendants made the representations recklessly without any knowledge of the truth of their assertion; Defendants made those representations with the intent that they would be acted upon by Plaintiff; Plaintiff relied and acted upon Defendants' statements and representations; and Plaintiff has suffered extensive damages as a result of Defendants' fraudulent statements and representations. The Plaintiff's reliance upon these representations were justified because of the relationship which he held with the Defendants.

3.  As a proximate result of the actions of DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN INC., and STAN MANCE individually, Plaintiff has been damaged in an amount in excess of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

4.  As a further proximate result of the aforementioned acts, Plaintiff has suffered panic, humiliation, worry, anxiety, mental anguish, and physical and emotional distress, all to his damage in the sum of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00).

5.  Defendants' actions in discharging Plaintiff were harsh, oppressive, discriminatory, and malicious in that Defendants knowingly lied about Plaintiff's job performance, company losses, Plaintiff's future with the company and much more. The conduct was intentional, with conscious indifference to the rights of Plaintiff, and without justification or excuse. Defendants acted with an evil intent to harm Plaintiff. The wrong done by defendant was aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff is therefore entitled to punitive damages in a sum in excess of the minimal jurisdictional limits of this Court.

CutePDF - www.fenito.com

## XVI.

Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the attorney's whose names are subscribed to this petition. Plaintiff, is, therefore, entitled to recover from Defendants an additional sum to compensate Plaintiff for a reasonable fee for such attorneys' services in the preparation and prosecution of this action as well as a reasonable fee for any and all appeals to other courts.

## XVII.

### Demand For Jury Trial

Plaintiff demands a trial by jury on all issues herein.

## XIII.

### Prayer

WHEREFORE, Plaintiff requests that the Defendants be cited to appear and answer, and that on final trial, Plaintiff be granted judgment as follows:

1. For compensatory damages against DIE CRAFTSMEN INTERNATIONAL, DIE CRAFTSMEN, INC., AND STAN MANCE, jointly and severally for damages representing wage payments, vacation pay, bonuses, pension rights, stock in the company and all other compensation due to Plaintiff that accrued at the time of the filing of this petition, plus interest at the legal rate from the date each payment became due until the date of judgement in the amount of ONE MILLION FIVE HUNDRED DOLLARS ($1,500,000.00).

2. For damages suffered for the panic, worry, anxiety, mental anguish and physical and emotional distress in the sum of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00).

3. For punitive damages in the sum in excess of the minimal jurisdictional limits of this Court.

4. For all prejudgement interest.

5. For all post judgment interest

6. For reasonable attorneys' fees and court costs.

7. For costs of court.

8. For such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted

SANCHEZ, WHITTINGTON,
JANIS & ZABARTE L.L.P.

BY: _____
Dennis Sanchez
SBN 17569600
100 N. Expressway 83
Brownsville, Texas 78521
(956) 546-3731 - Telephone
(956) 546-3766 - Telecopier
Attorneys for Plaintiff

Case 1:01-cv-00129   Document 3   Filed in TXSD on 08/03/2001   Page 32 of 40

# DIE CRAFTSMEN INTERNATIONAL

| Kitchener Die Craftsmen Ltd. | Die Craftsmen Ltd | Die Craftsmen Inc. |
|---|---|---|
| 227 Riverbend Drive | 28475 Greenfield Road | 11500 Rojas Suite "A" |
| Kitchener, Ontario N2B 2E8 | Southfield, Michigan 48076 | El Paso, Texas 79925 |
| TEL: (519) 578-7960 | TEL: (248) 557-0574 | TEL: (915) 592-1719 |
| FAX: (519) 744-6465 | FAX: (248) 557-7708 | FAX: (915) 591-6287 |

**E-mail: cutdie@diecraftsmen.com**

# FAX

**Date** July 12, 2001

*Number of pages including cover sheet*

**TO:** Lulu Rodriquey, Colvin, Chaney, UP

**Phone** (956) 686-6197

**Fax Phone**

**FROM:** Sylvia Weiler

**Phone** (519) 578-7960

**Fax Phone** (519) 744-6465

**CC:**

**REMARKS:**  ☐ Urgent  ☑ For your review  ☐ Reply ASAP  ☐ Please Comment

Lulu,
This registered mail was signed by Deanna Pastuck on July 9, 2001. Please let me know if you have any questions.

Thank-you
Sylvia Weiler

Case 1:01-cv-00129   Document 3   Filed in TXSD on 08/03/2001   Page 33 of 40



STAN MANCE
Kitchener Die Craftsman
227 Riverbend Dr., Kitchener
Ontario N2B 2E8
Canada

(102395) 99-M-1901

Label 200. July 1999

P.O. BOX 12079
AUSTIN, TEXAS 78711-2079

Case 1:01-cv-00129   Document 3   Filed in TXSD on 08/03/2001   Page 34 of 40

**COPY**

tati on for Personal Service _____   Lit. Seq. # 5.004.01

No. 2000-03-001284-G

# T H E   S T A T E   O F   T E X A S

N*TICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If
 u or your attorney do not file a written answer with the clerk who issued this
 tati*n by 10:00 a.m. on the Monday next following the expiration of twenty
 ys after you were served this citation and petition, a default judgment may be
 ken against you.

): STAN MANCE
   KITCHENER DIE CRAFTSMAN
   227 RIVERBEND DR. KITCHENER
   ONTARIO, CANADA N2B 2E8
   the DEFENDANT , BY SERVING IN DUPLICATE COPIES TO THE
   SECRETARY OF STATE (STATUTORY DOCUMENTS)
   P. O. BOX 12079 AUSTIN, TX  78711-2079 _____, GREETING:

   You are commanded to appear by filing a written answer to the

LAINTIFF'S ORIGINAL PETITION _____

_____

t or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
ays after the date of service of this citation before the Honorable District
ourt 404th Judicial District of Cameron County, Texas at the Courthouse of said
ounty in Brownsville, Texas. ·Said _____ PETITION _____ was filed on

 MARCH 24, 2001 .  A copy of same accompanies this citation.

he file number of said suit being No. 2000-03-001284-G.

he style of the case is:

FERNANDO DEL CASTILLO
VS.
DIE CRAFTSMEN INTERNATIONAL., ET AL.

aid petition was filed in said court by _____ HON. DENNIS SANCHEZ

Attorney for _____ PLAINTIFF _____ ), whose address is

OO NORTH EXPRESSWAY 83 BROWNSVILLE, TX  78521-2284 .

The nature of the demand is fully shown by a true and correct copy of the
etition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs. [2]

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 7th day of    JUNE   , A.D. 2001.

RECEIVED
SECRETARY OF STATE
2:30PM
JUN 2 5 2001

CITATIONS UNIT
AUSTIN, TEXAS

AURORA DE LA GARZA, DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _Irene P. Garcia_____  Deputy

050436

Case 1:01-cv-00129   Document 3   Filed in TXSD on 08/03/2001   Page 36 of 40

# R E T U R N   O F   O F F I C E R

me to hand the _____ day of _____, _____, at _____ o'clock __.M., and

xecuted (not executed) on the _____ day of _____, _____, by delivering to

_____ in person a true copy of this Citation,

pon which I endorsed the date of delivery, together with the accompanying copy

f the _____.

ause of failure to execute this citation is: _____

_____.

_____

FEES serving 1 copy

Total....... $_____        Sheriff/constable _____ County, TEXAS

                                 By _____ Deputy

Fees paid by:_____

RUN DATE 07/18/01
RUN TIME 9:08 AM

PAGE. 01

2000-03-001284-E

* * * C L E R K ' S   E N T R I E S * * * *

FERNANDO DEL CASTILLO

VS

DIE CRAFTSMEN INTERNATIONAL., ET AL.

00002204
HON. DENNIS SANCHEZ
100 NORTH EXPRESSWAY 83
BROWNSVILLE, TX      78521  2284

00468601
RAYMOND A. COWLEY
4900 NORTH 10TH BLDG  .A-2
MCALLEN TEXAS        78504  0000

(06)                    03      24     00

BREACH OF CONTRACT

03/21/01  PASS TO DROP DOCKET
06/18/01  ORDER GRANTING MOTION TO REINSTATE, AS PER ORDER..AC LIMAS/IG

03/24/00  ORIGINAL PETITION FILED
03/28/00  CITATION SEC. OF STATE: DIE CRAFTSMEN
          INTERNATIONAL
03/28/00      SERVED:
03/28/00  CITATION SEC. OF STATE: STAN MANCE
03/28/00      SERVED:
03/28/00  CITATION: DIE CRAFTSMEN, INC
03/28/00      SERVED: 04/13/00    FILED: 04/14/00
04/27/00  ORIGINAL ANSWER: DIE CRAFTSMEN, INC
05/15/00  DEFT DIE CRAFTSMEN, INC'S CERTIFICATE
          OF WRITTEN DISCOVERY(IG)
08/22/00  PLTF'S REQUEST FOR DISCLOSURE TO DEFT
          DIE CRAFTSMEN INC(IRENE)
01/01/01  TRANSFERRED FROM THE 357TH COURT
03/21/01  DROP DOCKET NOTICES MAILED
04/11/01  MTN TO REINSTATE CAUSE AND TO RETAIN
          ON THE ACTIVE DOCKET(IRENE
04/11/01  MTN FOR TRIAL SETTING(IGARCIA)
06/07/01  CITATION SEC. OF STATE: STAN MANCE
06/07/01      SERVED:
06/19/01  TRANSFERRED FROM THE 404th COURT



EXHIBIT
C

## RODRIGUEZ, COLVIN & CHANEY, L.L.P.

### ATTORNEYS AT LAW

A REGISTERED LIMITED LIABILITY PARTNERSHIP

EDUARDO ROBERTO RODRIGUEZ
NORTON A COLVIN, JR.
MITCHELL C CHANEY
MARORY C BATSELL
JAIME A SAENZ*
JOSEPH A (TONY) RODRIGUEZ
ALISON D. KENNAMER

OF COUNSEL
BENJAMIN S HARDY (1912-1993)
ORRIN W JOHNSON
NEIL E NORQUEST
CHRIS A BRISACK
RAYMOND A. COWLEY†

4900 NORTH 10TH STREET

BUILDING A-2

McALLEN, TEXAS 78504

TELEPHONE (956) 686-1287

TELECOPIER (956) 686-6197

LAURA J. URBIS
LECIA L CHANEY
DANIEL D HERINK
R. PATRICK RODRIGUEZ
ROSAMARIA VILLAGOMEZ
VANESSA GARZA

*BOARD CERTIFIED IN PERSONAL
INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

†BOARD CERTIFIED IN LABOR AND
EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

July 18, 2001

Mr. Dennis Sanchez                                    **Via Fax: (956) 546-3766**
Sanchez, Whittington, Janis & Zabarte, LLP
100 N. Expressway 83
Brownsville, Texas 78521

> *Re:  Cause No.  C-2000-03-1284-E*
> *Fernando Del Castillo v. Die Craftsmen, Inc., et al*

Dear Mr. Sanchez:

I represent Die Craftsmen, Inc. in the above matter.

I am informed that you have attempted service on Stan Mance individually, and have done so by having a fictitious document, referred to as Plaintiff's Original Petition, served by mail by the Secretary of State. I am concerned, in turn, that the document which you represented to the Secretary of State as the Plaintiff's Original Petition is not the Plaintiff's Original Petition which was filed with the Court on March 24, 2000, and which was served on my client on April 13, 2000.

Accordingly, please provide me with the following:

a.  The authority by which you can generate an entirely new document and refer to it as Plaintiff's Original Petition in a pending matter, when that document was never filed with the court, and similarly was never served on my client, which is Die Craftsmen, Inc.

b.  The authority by which you can obtain long-arm service by having such a newly-created and unfiled document served on an out-of-state defendant.

c.  The dates on which the new document referred to as Plaintiff's Original Petition was prepared and was signed by you.

**EXHIBIT
D**

d.   The identity of the person who hand-wrote the cause number and court number on the new document referred to as Plaintiff's Original Petition, and the date on which this was done.

Insofar as you wish to treat the new document referred to as Plaintiff's Original Petition as an amended petition, please provide me with the dates on which you filed the new petition with the court and on which you forwarded a copy to me, as required by the Rules of Civil Procedure.

I appreciate your prompt attention to this.

Very truly yours,

**RODRIGUEZ, COLVIN & CHANEY, LLP**

Raymond A. Cowley

RAC:mls

## RODRIGUEZ, COLVIN & CHANEY, L.L.P

ATTORNEYS AT LAW

A REGISTERED LIMITED LIABILITY PARTNERSHIP

1200 NORTH 10TH STREET

BUILDING A-2

McALLEN, TEXAS 78504

TELEPHONE (956) 682-1287

TELECOPIER (956) 682-0161

EDUARDO ROBERTO RODRIGUEZ
NORMAN A. COLVIN, JR
MITCHELL C. CHANEY
HARRY C. BATZELL
JAIME A. SAENZ
JOSEPH A. (TONY) RODRIGUEZ
ALISON D. KENNAMER

OF COUNSEL
SEFERINO B. HANDY (1918-1993)
DARYL W. JOHNSON
GAIL L. HORNBUCKLE
CARL J. BRANCH
RAYMOND A. COWLEY

LAURA J. URBIS
LECIA L. CHANEY
DANIEL D. HERRIN
R. PATRICK RODRIGUEZ
ROSAMARIA VILLAGOMEZ
VANESSA GARZA

TEXAS CERTIFIED IN PERSONAL
INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

TEXAS CERTIFIED IN LABOR AND
EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

## FAX TRANSMITTAL COVER SHEET

**CONFIDENTIALITY NOTICE:** The documents accompanying this telecopy transmission contain confidential information which is legally privileged. The information is intended only for the use of the recipient named below. If you have received this telecopy in error, please immediately notify us by telephone to arrange for return of the original documents to us, and you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopy's information is strictly prohibited.

DELIVER TO:  _Mr. Dennis Sanchez_

NOTE:

DATE & TIME:  _7-18-01_

FROM:  RAYMOND A. COWLEY

RE:  _Que Craftsmen / Del Castillo_

RODRIGUEZ, COLVIN & CHANEY FILE NO. _____

NUMBER OF PAGES
INCLUDING COVER:  _3_

SENT TO FAX NUMBER:  _(   ) 546-3766_

DOCUMENTS SENT: _____

IF PROBLEMS OCCUR DURING TRANSMISSION, CALL: (956) 686-1287
ASK FOR:  _LULU/LYNN_

BROWNSVILLE, TEXAS OFFICE: 1201 EAST VAN BUREN STREET, P. O. BOX 2155, 78522, TELEPHONE (956) 542-7441 TELECOPIER (956) 541-2170
HARLINGEN, TEXAS OFFICE: 402 EAST VAN BUREN STREET, 78550, TELEPHONE (956) 423-0213, TELECOPIER (956) 423-2035

Reason for error    E.1) Hang up or line fail    E.2) Busy    E.3) No answer    E.4) No facsimile connection

---

| File No. | Mode | Destination | Pg(S) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 5043 | Memory TX | 9,1000,5463766 | P. 3 | OK | OK |

* * *  Transmission Result Report(MemoryTX)  (Jul.18. 2001 9:14AM)  * * *
RODRIGUEZ,COLVIN & CHANEY

p. 1